Hamby *v.* Stoe et al., Appellants.

Argued May 25, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

484

*Jerome T. Foerster,* with him *Smith, Fox, Roberts, Foerster & Finkelstein,* for appellants.

*John G. Williams,* with him *Shumaker, Williams & Placey,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 4, 1972:

Appellee, alleging that he was a shareholder of appellant corporation, filed an action of mandamus against the corporation and Elmer E. Stoe and Doris Stoe, the individual appellants, as president and secretary-treasurer, respectively, of the corporation. In his complaint, appellee alleged that he, as a shareholder and officer of the corporation, had been denied the right to examine and inspect the books and records of the corporation, and sought an order permitting inspection by him and his agents of the books and records specified in the complaint. Appellants filed preliminary objections in the nature of a motion to strike, a motion for a more specific pleading, and a demurrer. These preliminary objections were never formally disposed of by the court below, and no answer to the complaint was filed. The court below nevertheless, after giving notice to the parties, and after a discussion and argument in chambers, granted appellee's motion for summary judgment. The appeal to this court followed.

Thereafter, appellants filed a petition for supersedeas and appellee filed a motion to quash the appeal. We ordered the motion to quash to be argued at the

time of the argument on the merits and granted the petition for supersedeas in order that the status quo might be maintained pending our disposition of the appeal.

Summary judgment was granted by the court below under the authority of Rule 1098, Pennsylvania Rules of Civil Procedure dealing with Action of Mandamus. That rule provides: "At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, *but the judgment may be opened upon cause shown.* Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible." (Emphasis supplied.)

In the instant case, the latter sentence of the rule concerning notice need not concern us, because, as hereinabove indicated, the parties were indeed given notice and an opportunity to present oral arguments in chambers.

We are, however, concerned with the provision of the rule allowing the opening of the judgment upon cause shown. Appellee contends that the summary judgment is not appealable, basing his contention on the provision of Rule 1098 allowing the opening of such summary judgments. He argues that the next step procedurally would be a petition in the court below to open the judgment just as though the judgment had been entered by default or by confession. Another fair analogy which could be drawn would be the situation where a compulsory nonsuit is entered. There, the party against whom such a judgment has been entered is required to file a motion to take off the nonsuit and may appeal only after the overruling of such a motion.

We are in agreement with appellee's position that the appeal is premature. As aptly stated by appellee

486

in his brief: "If the Appellants were of the opinion that the Summary Judgment was wrongfully entered, they could have petitioned the lower Court to open that Judgment and had their case heard on its merits, requested evidentiary hearings, questioned the discretion of the judge entering the Summary Judgment, or interposed such other defenses as they deemed necessary. On the contrary, Appellants would ask that this Court determine all of these matters which should have properly been brought before the lower Court in the proceedings available to Appellants."

Therefore, while it was proper, procedurally, under the rule for the court below to enter a summary judgment, even without a determination of the preliminary objections or the filing of an answer, appellants were required under the rule to proceed by a petition for opening before appealing to this court. To rule otherwise would be, in effect, to strike from the rule the language permitting the opening of the judgment upon cause shown.

We conclude that the appeal must be quashed without prejudice to appellants' right to proceed in the court below in accordance with the rule.

Appeal quashed and case remanded to the Court of Common Pleas of Dauphin County for further proceedings consistent with this opinion.