Henry Ellenbogen, Thomas Foerster, Robert Friend, William Hunt and Leonard Staisey, individually and collectively as the Allegheny County Salary Board, Appellants, *v.* Rolf Larsen, Appellee.

Argued November 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William R. Caroselli,* Assistant County Solicitor, with him *James Victor Voss,* Assistant County Solicitor, *David Greenberg,* Assistant County Solicitor, and *Francis A. Barry,* County Solicitor, for appellants.

*Robert C. Hillen,* with him *John V. Adams, Jr.* and *Kachulis, Copetas, Adams & Hillen,* for appellee.

OPINION BY JUDGE WILKINSON, November 26, 1974:

On January 7, 1974, appellee, a duly elected Judge of the Court of Common Pleas of Allegheny County, filed a complaint in mandamus against appellants to compel them "to facilitate and implement the hiring and compensating" of an individual appellee appointed as his tipstaff. The appellants had previously facilitated and implemented the hiring and compensating of two individuals appellee had named as his law clerk and his legal secretary. On the same day, the appellee presented the court below with a motion for summary[1] judgment under Pa. R. C. P. No. 1098. This was granted forthwith by the court.

On January 9, 1974, appellants filed an appeal to the Pennsylvania Supreme Court. After appropriate motions by appellee, the Supreme Court, on February 22, 1974, transferred the case to this Court.

---

[1] By order dated and effective November 19, 1974, this is now designated as peremptory judgment.

Our disposition of this case in its present posture is controlled by the relatively recent decision of our Supreme Court in *Hamby v. Stoe,* 448 Pa. 483, 295 A. 2d 309 (1972). In that case, as here, an appeal had been taken from an order granting a summary judgment under Rule 1098. In a well-reasoned opinion by Justice O'BRIEN, speaking for a unanimous court, the appeal was quashed and the case remanded to the court below without prejudice to appellants' right to proceed in the court below to have the judgment opened. We must take the same action.

Justice O'BRIEN stated: "Therefore, while it was proper, procedurally, under the rule for the court below to enter a summary judgment, even without a determination of the preliminary objections or the filing of an answer, appellants were required under the rule to proceed by a petition for opening before appealing to this court. To rule otherwise would be, in effect, to strike from the rule the language permitting the opening of the judgment upon cause shown." 448 Pa. at 486, 295 A. 2d at 310.

On remand, the appellants will be able to present to the court below their argument based on whatever record is then made, that a summary judgment was improvidently entered in this case.

Although it is not properly before the Court, inasmuch as this matter is being remanded, we are compelled to comment on the applicability of the Act of April 22, 1856, P. L. 500, 17 P.S. §588, which provides as follows: "Whenever a president judge shall be a party in any suit, prosecution or proceeding in any court over which he presides, such suit, prosecution or proceeding shall be tried and heard before the president judge residing nearest the place of such trial who shall be disinterested." Paragraph 2 of the complaint alleges Henry Ellenbogen is the President Judge of the Common Pleas Court of Allegheny County. Jus-

tice (later Chief Justice) KEPHART discussed this and other statutes on the disqualification of judges in *Crawford's Estate*, 307 Pa. 102, 160 A. 585 (1931). He points out that the matter may be raised by a litigant or by the judge before whom the case is heard sua sponte. Here, neither was done. Although we do not decide the matter, it would appear that in an action between an additional law judge and the president judge, involving the rights of additional law judges as opposed to the prerogatives of the president judge, a serious question as to the applicability of this Act of Assembly and disqualification under the Canons of Judicial Ethics could be avoided by calling in the nearest president judge as set forth in the Act. Certainly *Umbel's Election*, 43 Pa. Superior Ct. 598 (1910), *aff'd. per curiam*, 231 Pa. 94, 80 A. 541 (1911), is not controlling, for here it can be argued that there can be no additional law judge in Allegheny County who does not have an interest in the case.

The appeal is quashed and the case is remanded to the Court of Common Pleas of Allegheny County for further proceedings consistent with this opinion.