Edward B. Mertz and William H. Agnew, t/a Bushkill Acres *v.* Stephen Lakatos, Sterling Rissmiller, Robert W. Kostenbader, Supervisors of Bushkill Township, and the Township of Bushkill, Appellants.

Argued October 9, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Joseph M. Reibman,* with him *Reibman and Reibman,* for appellants.

*William H. Agnew,* for appellees.

OPINION BY JUDGE MENCER, November 13, 1975:

Edward B. Mertz and William H. Agnew (appellees), as developers of a tract of land in Bushkill Township,

Northampton County, agreed with the Supervisors of Bushkill Township that $13,000 would be deposited in an escrow account with the Nazareth Federal Savings and Loan Association as security for the construction of a road in the development. Appellees completed construction of the road and notified the Supervisors on October 18, 1973 of the road completion and requested the Supervisors to accept the road.

On December 1, 1973, appellees received a letter, dated November 30, 1973, from J. H. Tanzos, Secretary of Bushkill Township, which stated: "[T]he road is not acceptable at this time because of water drainage and driveway problems." Thereafter, on April 2, 1974, appellees received a copy of a letter written by Robert L. Collura, the Bushkill Township engineer. This letter outlined the alleged deficiencies of the road and stated that approval of the road would be contingent on the completion of one or two proposed modifications.

On April 3, 1974, appellees filed a complaint in mandamus alleging that the Supervisors and the Township should be ordered to release the $13,000 escrow fund and requesting incidental damages in the amount of $10,000. The trial court granted appellees' motion for partial summary judgment and ordered the release to appellees of the $13,000 escrow fund. Thereafter, the Supervisors filed with the trial court a petition to open the partial summary judgment and also filed here the instant appeal.[1]

Partial summary judgment was granted by the trial court under the authority of Rule 1098 of the Pennsylvania Rules of Civil Procedure dealing with action in mandamus. That rule provides:

> "At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, *but the judgment may be opened upon cause shown.* Judgment shall not be entered without

---

1. Disposition of this petition to open judgment has been held in abeyance awaiting the determination of the instant appeal.

prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible." (Emphasis added.)

Appellees contend here that the partial summary judgment is not appealable because of the provision of Rule 1098 allowing for the opening of summary judgments. This same contention was raised and ruled upon by our Supreme Court in *Hamby v. Stoe,* 448 Pa. 483, 295 A. 2d 309 (1972). In *Hamby,* it was held that where, in an action of mandamus, summary judgment is granted under the authority of Rule 1098 defendant is required to proceed by petition for opening judgment before appealing and the appeal taken there was premature. We recognized the correctness of the *Hamby* holding in *City of Greensburg v. Cooper,* 14 Pa. Commonwealth Ct. 419, 322 A. 2d 152 (1974).

Therefore, we are compelled to conclude that *Hamby v. Stoe* is controlling and dispositive of this appeal which must be quashed without prejudice to the Supervisors and the Township of Bushkill's right to proceed in the court below relative to their petition to open the partial summary judgment entered there.

Appeal quashed and case remanded to the Court of Common Pleas of Northampton County for further proceedings consistent with this opinion.