Babcock School District, Appellant *v.* James Edward Potocki and Diane Linda Potocki, Individually and as Parents and Natural Guardians of Timothy James Potocki, Appellees.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Lee A. Donaldson, Jr., Donaldson & Donaldson,* for appellant.

*John R. Orie, Jr.,* for appellees.

*William Fearen,* with him *Michael I. Levin, Cleckner and Fearen,* for Amicus Curiae, the Pennsylvania School Boards Association.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 1, 1983:

Babcock School District appeals an Allegheny County Common Pleas Court order dismissing the

School District's petition to open a peremptory judgment in mandamus.[1] We affirm.

The Potockis, Babcock School District residents, transferred their child to a public school in a neighboring district. Later their request to the District to provide their son with free transportation to and from the new school was denied. They then sought relief in mandamus. Next followed a motion for peremptory judgment under Pennsylvania Rule of Civil Procedure 1098[2] which, after hearing, was granted. The School District's petition to open the judgment was dismissed.

Where a party appeals a denial of its petition to open a peremptory judgment, our scope of review is limited to determining whether the trial court abused its discretion. *See, e.g., Lened Homes, Inc. v. Department of Licenses and Inspections of the City of Phila-*

---

[1] The School District's notice of appeal states that it appeals both the lower court's order entering peremptory judgment and the order dismissing the petition to open. However, it is clear that the latter order is the only one appealable. *Hamby v. Stoe*, 448 Pa. 483, 295 A.2d 309 (1972); *Mertz v. Lakatos*, 21 Pa. Commonwealth Ct. 591, 347 A.2d 753 (1975). The School District's misconception in this regard has resulted in its drafting its arguments on appeal in such a manner that their main thrust appears to be directed toward an attack on the entry of the judgment. However, as the notice of appeal clearly states that the School District also appeals the dismissal of the petition to open, we have broadly interpreted its arguments as being also directed at the dismissal of the petition to open.

[2] Pennsylvania Rule of Civil Procedure 1098, which governs peremptory judgment in mandamus, reads as follows:

At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible.

*delphia,* 386 Pa. 50, 123 A.2d 406 (1956); *City of Greensburg v. Cooper,* 14 Pa. Commonwealth Ct. 419, 322 A.2d 152 (1974). An abuse of discretion will be found only where the party has met his burden of showing good cause for the opening of the judgment.[3] *See* Pa. R.C.P. No. 1098.

The School District argues that the trial court abused its discretion in refusing to open the peremptory judgment because it was entered prior to the filing of an answer to the complaint. This contention is without merit. While an abuse of discretion may be found where a trial court has not entered peremptory judgment in accordance with the procedure provided by law, *see Hamby v. Stoe,* 448 Pa. 483, 295 A.2d 309 (1972), it is not procedurally incorrect to enter judgment following a hearing on the motion for peremptory judgment, and prior to the filing of an answer. *See* Pa. R.C.P. No. 1098; *Philadelphia Suburban Water Co. v. Department of Transportation,* 36 Pa. Commonwealth Ct. 8, 387 A.2d 501 (1978).

The School District also argues that the court below abused its discretion because there is no clear legal duty to provide the transportation. We disagree. While a refusal to open a judgment is an abuse of discretion where the entry of judgment was based upon a misapplication or misinterpretation of the law, *cf. McKelvey v. Colonial School District,* 35 Pa. Commonwealth Ct. 264, 385 A.2d 1040 (1978) (petition to open default judgment),[4] this is not the case here. Our Supreme Court has approved this Court's pronounce-

---

[3] This is in contrast to the burden placed on the party moving for peremptory judgment below of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *See, e.g., Wolgemuth v. Kleinfelter,* 63 Pa. Commonwealth Ct. 395, 437 A.2d 1329 (1981).

[4] *See, generally,* 7 Standard Pennsylvania Practice Ch. 30 §126 (Revised ed., 1961).

ment that Section 1361 of the Public School Code[5] requires school districts which provide any free transportation to resident pupils to provide it to all such pupils attending public or private schools located within the district or a ten-mile radius thereof.[6] *Springfield School District v. Department of Education*, 483 Pa. 539, 397 A.2d 1154 (1979), *aff'g, School District of Pittsburgh v. Department of Education*, 33 Pa. Commonwealth Ct. 535, 382 A.2d 772 (1978).

The School District also argues that the refusal to open was an abuse of discretion because it pleaded facts demonstrating a meritorious defense. We disagree. To meet its burden of showing good cause for opening a judgment, a party must plead facts in its petition to open which demonstrate a provable, meritorious defense. *Cf., e.g., City of Philadelphia v. New Sun Ray Drug, Inc.*, 39 Pa. Commonwealth Ct. 111, 394

---

[5] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1361, by the Act of December 29, 1972, P.L. 1726.

[6] The issue before each Court was whether or not a school district was required to transport a resident pupil to a private school which was located without the school district, but within ten miles of its boundaries. The district at that time transported resident pupils to public schools within, but not without, the school district. Each Court, while faced with vigorous equal protection and establishment of religion arguments against the transportation, held that the school district was required to transport the child to the private school. The reasoning of each was that, *because Section 1361 required the transportation of public school students to a distance of ten miles from the district's borders*, no constitutional violation would occur if private school students were so transported. *See School District of Pittsburgh v. Department of Education*, 33 Pa. Commonwealth Ct. at 550-551, 382 A.2d at 779; *Springfield School District v. Department of Education*, 483 Pa. at 556-57, 397 A.2d at 1163. The School District's contention that the statements conveying the Courts' holdings are mere dicta is without merit because they were made in justification of, and were clearly necessary to, the result each Court reached. *See Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 186 A.2d 24 (1962).

A.2d 1311 (1978) (petition to open default judgment). The School District simply averred that substantial issues of fact were raised by the Potockis' complaint. This general averment, of itself, does not satisfy the requirement that the facts be pleaded with the specificity necessary to demonstrate the merits of the defense. *See Liberty National Bank of Pittston v. Degillio,* 406 Pa. 127, 176 A.2d 446 (1962); *City of Philadelphia v. New Sun Ray Drug, Inc.* The petition contains no other factual basis to support the District's thesis.[7]

Affirmed.

### ORDER

The Allegheny County Common Pleas Court order of October 5, 1981, in No. GD 81-22985, which dismissed the Petition to Open Judgment is hereby affirmed.

---

[7] The other averments in the petition related to the identity and address of the School District and the quality of the education it offers. While the quality of education offered by Babcock School District may be fervently disputed by the parties, and thus constitute a *substantial* issue of fact, it is clearly irrelevant to the question of whether the transportation should be provided, and thus is an *immaterial* factual issue. Its existence, therefore, does not justify the opening of the peremptory judgment. *See Allegheny County v. Venneri,* 5 Pa. Commonwealth Ct. 105, 289 A.2d 523 (1972).