Terrance Butler, Director of Mental Retardation Services, Bradford, Sullivan, Tioga Counties et al., Appellants *v.* Maude Lynn Emerson, an incompetent, by Geraldine Emerson, her Guardian, Appellee.

Argued February 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Jonathan P. Foster, Riffle and Foster,* for appellants.

*Harold C. Caldwell, Vineski, Brann, Williams and Caldwell,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 4, 1983:

This is an appeal[1] from a Bradford County Common Pleas Court order granting partial peremptory judgment in a mandamus action. We quash the appeal.

Peremptory judgment was entered January 7, 1981. The trial court dismissed the appellants' exceptions on June 11, 1981, and an appeal was taken to this Court. However, the docket does not show that a motion to open judgment has ever been filed and ruled upon by the trial court.

Regarding the entering of peremptory judgment in mandamus, Pa. R.C.P. No. 1098 provides in part:

---

[1] The appellants are the director and administrator of the mental health/mental retardation program for Bradford, Sullivan and Tioga Counties.

158

> At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown.

The rule has been construed to require appellants to proceed by filing a petition to open judgment rather than appealing the entering of the judgment. *Hamby v. Stoe*, 448 Pa. 483, 295 A.2d 309 (1972); *Mertz v. Lakotas*, 21 Pa. Commonwealth Ct. 591, 347 A.2d 753 (1975). Consequently, this appeal is premature.

Appeal quashed.

### ORDER

The appeal from the order of the Court of Common Pleas of Bradford County, No. 78-1914 Civil Action—Law, dated January 7, 1981, is hereby quashed.