519 A.2d 511

**Edward F. O'BRIEN**

**v.**

**Edna O'BRIEN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 5, 1986.

Filed Jan. 5, 1987.

Paul W. Rauer, Philadelphia, for appellant.

Denis W. Lanotot, Morrisville, for appellee.

Before WICKERSHAM, OLSZEWSKI and BECK, JJ.

BECK, Judge:

In this divorce case, appellee-husband petitioned for special relief under the Divorce Code of 1980, Pa.Stat.Ann. tit. 23, § 403 (Purdon Supp.1986) to prevent appellant-wife from dissipating proceeds from the sale of marital assets. First, it is necessary to consider whether an order granting or denying special relief under the Divorce Code is appealable as of right. We find that an order granting or denying special relief is not appealable as of right.[1]

On January 21, 1986, the trial court conducted a hearing on husband's petition and made findings of fact. The court ordered the wife to file an accounting within ten days, and further ordered that she not spend, transfer or otherwise dispose of the balance of the proceeds from the sale of marital property. The court determined that violation of the order subjected the wife to the penalty of contempt. Wife filed a timely accounting and a timely motion for post-trial relief pursuant to Pa.R.Civ.P. 1920.52(a) and 227.1

On March 3, 1986, the trial court reaffirmed its previous order of of January 21, 1986. The court then relied on wife's accounting to clarify its order. It directed wife not

---

1. Wife raises numerous issues. Our disposition of the first issue is determinative and makes it unnecessary for us to consider the others.

to convey or encumber two vehicles and a house trailer which were paid for in part or in full from marital property proceeds. The order further directed wife not to withdraw any money from two bank accounts, and the order created a $35,000 lien in favor of the husband against all the aforesaid property. This sum represents one-half of the sale price of the marital residence.

The court scheduled an equitable distribution hearing which wife delayed by requesting a postponement. The rescheduling was in process when wife filed this appeal. Thereafter the trial court entered an order reaffirming the order of March 3, 1986. In its opinion the trial court concluded that wife's appeal was premature. We agree.

The Pennsylvania Supreme Court has recognized that the appealability of decisions involving interim relief in divorce actions is an important question. *Fried v. Fried*, 509 Pa. 89, 91, 501 A.2d 211, 212 (1985). The right to special relief in the instant action is derived from Sections 401(c) and 403(a) of the Divorce Code. It is necessary to consider the two sections together.

§ 401. Decree of court

(c) In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interest of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

Pa.Stat.Ann. tit. 23, § 401(c) (Purdon Supp.1986).

§ 403. Injunction against disposition of property pending suit and decree rendering fraudulent transfers null and void. (a) Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat alimony pendente lite, alimony, child and spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached

as provided by the Rules of Civil Procedure. The court may also issue a writ of ne exeat to preclude such removal.

Pa.Stat.Ann. tit. 23, § 403(a) (Purdon Supp.1986). The Code is silent as to whether orders pursuant to these sections are appealable as of right. An examination of Pa.R.Civ.P. 1920.43, implementing the two sections, sheds no light on the issue of appealability. We must therefore turn to our Rules of Appellate Procedure and case law construction thereunder to determine whether Sections 401(c) and 403 orders are final and appealable or interlocutory; and if interlocutory, whether they are appealable as of right pursuant to exceptions enumerated in Pa.R.App.P. 311.

Wife argues alternatively that her appeal is a final order appealable under Pa.R.App.P. 341 or an interlocutory order appealable as of right pursuant to Pa.R.App.P. 311(a)(2) and 311(a)(4).

## I.

The appropriate standard to determine whether an order is final was originally set out in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), establishing an exception to the final judgment rule.

In *Cohen,* The Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. Under *Cohen,* an order is considered final and appealable if *(1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. Id.* 337 U.S. at 546 [69 S.Ct. at 1226] ... (emphasis added).

*cited in Fried,* 509 Pa. at 94, 501 A.2d at 214. This approach looks beyond the technical effect of an adjudication to its practical ramifications. *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 544–45 (1978).

In *Fried,* the Pennsylvania Supreme Court affirms the *Cohen* principle and determines that not all the factors can be met in the case of an appeal from an award of interim counsel fees and expenses in a matrimonial case. The court held that under the Divorce Code "such an order is interlocutory and thus not reviewable until final disposition of the case." *Fried,* 509 Pa. at 97, 501 A.2d at 215.

■ In considering the finality of an order, there is no applicable distinction between the interim financial award in *Fried* and the temporary order for special relief at issue in the instant case. Both orders fail to meet the *Cohen* standard. Thus, the order for special relief in the instant action is not a final order appealable as of right.

## II.

■ The determination that the order is not final does not end our inquiry. We must examine whether the interlocutory order may be appealable as of right, under the applicable statute and rules. Appellant contends that Pa.R.App.P. 311(a)(2) and 311(a)(4) are applicable:

**Rule 311. Interlocutory Appeals as of Right**

(a) **General rule.** Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

(2) *Attachments, etc.* An order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property.

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.

As these rules for interlocutory appeals as of right were adopted before the Divorce Code of 1980, the drafters could not consider their impact in divorce cases.

The *Fried* court considered the policy of interlocutory appeals in divorce cases and determined that to permit appeals prior to final disposition of all matters relating to the divorce action would have serious consequences.

Our decision today reflects the policy of law which abhors "piecemeal determinations and the consequent protraction of litigation." *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954). *See also Marino Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 (1970). The avoidance of unduly protracted divorce proceedings is consistent with the legislature's intent to mitigate harm to the spouses and their children during this emotionally taxing experience. 23 P.S. § 102(4) (Supp.1985). It is obvious that had the interlocutory appeal been disallowed, the present dispute as to costs could have been resolved several years ago in a final divorce decree. Moreover, a policy which allows piecemeal appeals from a single case serves only to increase the cost of litigation, and favors the party with the greater resources, who can strategically delay the action at the expense of the indigent party. We thus conclude that strong policy considerations support our holding today that such orders issued pursuant to section 502 of the Divorce Code are interlocutory and therefore unappealable.

*Fried,* 509 Pa. at 97, 501 A.2d at 215.

Accordingly, we conclude this interlocutory order is not appealable as of right.

The appeal is quashed. Jurisdiction is relinquished.