**Rule 311.  Interlocutory Appeals as of Right.**

   (a)   *General rule.*—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

         (1)   *Affecting judgments.*—An order refusing to open, vacate, or strike off a judgment.  If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

         (2)   *Attachments, etc.*—An order confirming, modifying,**[or]** dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property, except for orders pursuant to **[Section 3323(f) or 3505(a) of the Divorce Code,]23 Pa.C.S. §§ 3323(f), 3505(a)**.

         (3)   *Change of criminal venue or venire.*—An order changing venue or venire in a criminal proceeding.

         (4)   *Injunctions.*—An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:
               (i) **Pursuant to**[Section 3323(f) or 3505(a) of the Divorce Code,] 23 Pa.C.S. §§ 3323(f), 3505(a); or
               (ii) After a trial but before entry of the final order.  Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

         (5)   *Peremptory judgment in mandamus.*—An order granting peremptory judgment in mandamus.

         (6)   *New trials.*—An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the **[lower]trial** court committed an error of law.

         (7)   *Partition.*—An order directing partition.

         (8)   *Other cases.*—An order **[which is made appealable by statute or general rule]that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties**.

(b)  *Order sustaining venue or personal or in rem jurisdiction.*—An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

(1)  the plaintiff, petitioner, or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or

(2)  the court states in the order that a substantial issue of venue or jurisdiction is presented.

(c)  *Changes of venue, etc.*—An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of **[forum non conveniens]***forum non conveniens* or analogous principles.

(d)  *Commonwealth [A]appeals in [C]criminal [C]cases.*—In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

(e)  *Orders [O]overruling [P]preliminary [O]objections in [E]eminent [D]domain [C]cases.*—An appeal may be taken as of right from an order overruling preliminary objections to a declaration of taking and an order overruling preliminary objections to a petition for appointment of a board of viewers.

(f)  *Administrative [R]remand.*—An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; or (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue **[which]that** would ultimately evade appellate review if an immediate appeal is not allowed.

(g)  *Waiver of objections.*

(1) **[Where an interlocutory order is immediately appealable under this rule, failure to appeal:] Except as provided in subparagraphs (g)(1)(ii), (iii), and (iv), failure to file an appeal of an interlocutory order does not waive any objections to the interlocutory order:**

(i)**[Under Subdivisions (a), (b)(2) or (f) of this rule shall not constitute a waiver of the objection to the order and the objection may be raised on any subsequent appeal in the matter from a determination on the merits.]** <u>RESCINDED</u>

(ii) **[Under Subdivisions]** <u>Failure to file an appeal from an interlocutory order</u> <u>under subparagraph</u> (b)(1) or **<u>paragraph</u>** (c) of this rule shall constitute a waiver of all objections to jurisdiction over the person or over the property involved or to venue, etc., and the question of jurisdiction or venue shall not be considered on any subsequent **[appellate review of the matter]**<u>appeal</u>.

(iii) **[Under Subdivision]** <u>Failure to file an appeal from an interlocutory order</u> <u>under paragraph</u> (e) of this rule shall constitute a waiver of all objections to such <u>an</u> order**[s and any objection may not be raised on any subsequent appeal in the matter from a determination on the merits]**.

(iv)  <u>Failure to file an appeal from an interlocutory order refusing to compel arbitration, appealable under 42 Pa.C.S. § 7320(a)(1) and subparagraph (a)(8) of this rule, shall constitute a waiver of all objections to such an order.</u>

(2)   Where no election that an interlocutory order shall be deemed final is filed under **[Subdivision]**<u>subparagraph</u> (b)(1) of this rule, the objection may be raised on any subsequent appeal**[in the matter from a determination on the merits]**.

 (h)   *Further proceedings in* **<u>the</u>** *[lower]*<u>trial</u> *court.*<u>--</u>**[Rule]**<u>Pa.R.A.P.</u> 1701(a) **[(effect of appeal generally)]**shall not be applicable to a matter in which an interlocutory order is appealed under **[Subdivisions]**<u>subparagraphs</u> (a)(2) or (a)(4) of this rule.


Official Note:

Authority—This rule implements 42 Pa.C.S. § 5105(c)**[(interlocutory appeals)]**, which provides:

(c)   Interlocutory appeals.  There shall be a right of appeal from such interlocutory orders of tribunals and other government units as may be specified by law. The governing authority shall be responsible for a continuous review of the operation of section 702(b) (relating to interlocutory appeals by permission) and shall from time to time establish by general rule rights to appeal from such classes of interlocutory orders, if any, from which appeals are regularly **[allowed]**<u>permitted </u>pursuant to section 702(b).

The appeal rights under this rule**[,]** and under **[Rule]Pa.R.A.P.** 312**[(Interlocutory Appeals by Permission)]**, **[Rule]Pa.R.A.P.** 313**[(Collateral Orders)]**, **[Rule]Pa.R.A.P.** 341**[(Final Orders; Generally)]**, and **[Rule]Pa.R.A.P.** 342**[(Appealable Orphans' Court Orders)[,]** are cumulative; and no inference shall be drawn from the fact that two or more rules may be applicable to an appeal from a given order.

**[Subdivision]Paragraph** (a)—If an order falls under **[Rule]Pa.R.A.P.** 311, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in **[Rules]Pa.R.A.P.** 341(c) and 1311 do not apply to an appeal under **[Rule]Pa.R.A.P.** 311.

**[Subdivision (a),]Sub[P]**paragraph (a)(1)**[(Affecting judgments)]--**The 1989 amendment to **sub**paragraph (a)(1) eliminated interlocutory appeals of right from orders opening, vacating, or striking off a judgment while retaining the right of appeal from an order refusing to take any such action.

**Subp[P]**aragraph (a)(2)**[(Attachments, etc.)]**—The 1987 Amendment to **sub**paragraph (a)(2) is consistent with appellate court decisions disallowing interlocutory appeals in matrimonial matters. *Fried v. Fried*, **[509 Pa. 89, ]**501 A.2d 211 (**Pa.** 1985); *O'Brien v. O'Brien*, **[359 Pa. Super. 594, ]**519 A.2d 511 (**Pa. Super.** 1987).

**[Paragraph (a)(3) (Change of criminal venue or venire)—Under prior practice, either a defendant or the Commonwealth could appeal an order changing venue. See former Pa.R.Crim.P. 311(a) (Third sentence) before amendment of June 29, 1977, 471 Pa. XLIV. An order refusing to change venue is not appealable. *Commonwealth v. Swanson*, 424 Pa. 192, 225 A.2d 231 (1967). This rule makes no change in existing practice.]**

**Subparagraph (a)(3)--**Change of venire is authorized by 42 Pa.C.S. § 8702 **[(impaneling jury from another county)]**. Pa.R.Crim.P. **[312]584 [(motion for change of venue or change of venire) ]**treats changes of venue and venire the same. Thus an order changing **venue or** venire is appealable by the defendant or the Commonwealth, while an order refusing to change **venue or** venire is not.

See also **[Rule]Pa.R.A.P.** 903(c)(1) regarding time for appeal.

**Subp[P]**aragraph (a)(4)**[(Injunctions)]**—The 1987 amendment to **sub**paragraph (a)(4) is consistent with appellate court decisions disallowing interlocutory appeals in matrimonial matters. *Fried v. Fried*, **[509 Pa. 89, ]**501 A.2d 211**, 215** (**Pa.** 1985); *O'Brien v. O'Brien*, **[359 Pa. Super. 594, ]**519 A.2d 511**, 514** (**Pa. Super.** 1987).

4

The 1996 amendment to **sub**paragraph (a)(4) reconciled two conflicting lines of cases by adopting the position that generally an appeal may not be taken from a **[decree nisi]** *decree nisi* granting or denying a permanent injunction.

The 2009 amendment to the rule conformed the rule to the 2003 amendments to the Pennsylvania Rules of Civil Procedure abolishing actions in equity and thus eliminating the *decree nisi*. Because *decrees nisi* were in general not appealable to the extent they were not effective immediately upon entry, this principle has been expressly incorporated into the body of the rule as applicable to any injunction.

**Subp[P]**aragraph (a)(5)**[(Peremptory judgment in mandamus)]**— **Subp[P]**aragraph (a)(5), added in 1996, authorizes an interlocutory appeal as of right from an order granting a motion for peremptory judgment in mandamus without the condition precedent of a motion to open the peremptory judgment in mandamus. **[Under prior practice established in *Hamby v. Stoe*, 448 Pa. 483, 295 A.2d 309 (1972), an order granting peremptory judgment in mandamus was not appealable; only the order denying a motion to open the peremptory judgment in mandamus was appealable. The 1996 amendment eliminated the need to move to open. The January 1, 1996 amendment to Pa.R.C.P. 1098 eliminates the former practice of filing a petition to open a peremptory judgment in mandamus. The 1996 amendment overrules Hamby v. Stoe and other decisions that quashed appeals that were taken from the peremptory judgment in mandamus rather than the order denying the motion to open the judgment, e.g., *Butler v. Emerson*, 76 Pa. Cmwlth. 156, 463 A.2d 109 (1983); *Mertz v. Lakatos*, 21 Pa. Cmwlth. 291 (1975); *Ellenbogen v. Larsen*, 16 Pa. Cmwlth. 353, 328 A.2d 587 (1974).]**An order denying a motion for peremptory judgment in mandamus remains unappealable.

**[Following a 2005 amendment to [Rule] Pa.R.A.P. 311, orders determining the validity of a will or trust were appealable as of right under former sub[division]paragraph (a)(8). Pursuant to the 2011 amendments to [Rule] Pa.R.A.P. 342 [(Appealable Orphans' Court Orders)], such orders are now immediately appealable under sub[division]paragraph (a)(2) of [Rule] Pa.R.A.P. 342.]**

**Subp[P]**aragraph (a)(8)**[(Other cases)]**—**Subp[P]**aragraph (a)(8)**[is directed primarily to statutes and general rules hereafter enacted or promulgated.]** recognizes that orders that are procedurally interlocutory may be made appealable by statute or general rule.  For example, see 27 Pa.C.S. § 8303.  The **[current text of the]**Pennsylvania Rules of Civil Procedure, the Pennsylvania Rules of Criminal Procedure, etc., should **also** be consulted. **[to identify any interlocutory appeal rights provided for therein. *See also, e.g.,* 42 Pa.C.S. § 7320 (appeals from court orders), concerning appeals from certain orders in nonjudicial arbitration**

proceedings, which section is not suspended by these rules. *See* Rule 5102(a) (Judicial Code unaffected).]

Following a 2005 amendment to [Rule] Pa.R.A.P. 311, orders determining the validity of a will or trust were appealable as of right under former subparagraph (a)(8). Pursuant to the 2011 amendments to Pa.R.A.P. 342, such orders are now immediately appealable under Pa.R.A.P. 342(a)(2).

[Subdivision]Paragraph (b)[(Order sustaining venue or personal or in rem jurisdiction)]—[Subdivision] Paragraph (b) is based in part on the Act of March 5, 1925, P. L. 23 [(order ruling on question of jurisdiction)]. The term ''civil action or proceeding'' is broader than the term ''proceeding at law or in equity'' under the prior practice and is intended to include orders entered by the orphans' court division. [Cf.]Cf. In the Matter of Phillips, [471 Pa. 289,]370 A.2d 307 (Pa. 1977).

In subparagraph (b)(1), a plaintiff is given a qualified (because it can be overridden by petition for and grant of permission to appeal under [Rule]Pa.R.A.P. 312 [(interlocutory appeals by permission)]) option to gamble that the venue of the matter or personal or [in rem]in rem jurisdiction will be sustained on appeal. Subp[P]aragraph (g)(1)(ii) provides that if the plaintiff timely elects final treatment, the failure of the defendant to appeal constitutes a waiver. The appeal period under [Rule] Pa.R.A.P. 903[(time for appeal)] ordinarily runs from the entry of the order, and not from the date of filing of the election, which procedure will ordinarily afford at least 20 days within which to appeal. [See]See [Rule]Pa.R.A.P. 903(c) as to treatment of special appeal times. If the plaintiff does not file an election to treat the order as final, the case will proceed to trial unless (1) the trial court makes a finding under subp[P]aragraph (b)(2) of the existence of a substantial question of jurisdiction and the defendant elects to appeal, (2) an interlocutory appeal is permitted under [Rule]Pa.R.A.P. 312, or (3) another basis for appeal appears, [e.g.,]for example, under subparagraph (a)(1), and an appeal is taken. Presumably, a plaintiff would file such an election where [he]plaintiff desires to force the defendant to decide promptly whether the objection to venue or jurisdiction will be seriously pressed. [Subdivision]Paragraph (b) does not cover orders that do not sustain jurisdiction because they are, of course, final orders appealable under [Rule]Pa.R.A.P. 341.

Sub[division]paragraph (b)(2) [(Substantial issue of venue or jurisdiction)]—The 1989 amendment to subparagraph (b)(2) permits an interlocutory appeal as of right where the trial court certifies that a substantial question of venue is present. This eliminated an inconsistency formerly existing between [subdivision]paragraph (b) and subparagraph (b)(2).

[Subdivision]Paragraph (c) [(Changes of venue, etc.)]— [Subdivision]Paragraph (c) is based in part on the act of March 5, 1925 (P. L. 23, No.

6

15)**[(order ruling on question of jurisdiction)]**.  The term "civil action or proceeding" is broader than the term "proceeding at law or in equity" under the prior practice and is intended to include orders entered by the orphans' court division.  **[Cf.]***Cf. In the Matter of Phillips*, **[471 Pa. 289,]**370 A.2d 307**, 308** (**Pa.** 1977).

**[Subdivision]Paragraph** (c) covers orders that do not sustain venue, **[e.g.,]such as** orders under Pa.R.C.P. 1006(d) and (e).

However, the **[subdivision]paragraph** does not relate to a transfer under 42 Pa.C.S. § 933(c)(1)**[(concurrent and exclusive jurisdiction)]**, 42 Pa.C.S. § 5103**, [(transfer of erroneously filed matter)]** or **[under]** any other similar provision of law, because such a transfer is not to a "court of coordinate jurisdiction" within the meaning of this rule; it is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction.  Such orders may be appealed by permission under **[Rule] Pa.R.A.P.** 312, or an appeal as of right may be taken from an order dismissing the matter for lack of jurisdiction. **[See]***See Balshy v. Rank*, **[507 Pa. 384, 388,]**490 A.2d 415, 416 (**Pa.** 1985).

Other orders relating to subject matter jurisdiction (which for this purpose does not include questions as to the form of action, **[e.g.,]such** as between law and equity, or divisional assignment, **[see]***see* 42 Pa.C.S. § 952**[(status of court divisions)]**) will be appealable under **[Rule]Pa.R.A.P.** 341 if jurisdiction is not sustained, and otherwise will be subject to **[Rule]Pa.R.A.P.** 312.

**[Subdivision]Paragraph** (d)**[(Commonwealth appeals in criminal matters)]**— **[In subdivision]Pursuant to paragraph** (d), the**[1992 amendment permits appeals by the]** Commonwealth**[from certain interlocutory orders that were previously treated as final orders under the pre-1992 version of Rule 341(c).  See, e.g.,] has a right to take an appeal from an interlocutory order provided that the Commonwealth certifies in the notice of appeal that the order terminates or substantially handicaps the prosecution.  *See* Pa.R.A.P. 904(e).  This rule supersedes** *Commonwealth v. Dugger*, **[506 Pa. 537,]** 486 A.2d 382**, 386** (**Pa.** 1985)**. *Commonwealth v. Dixon*, 907 A.2d 468, 471 n.8 (Pa. 2006).  [;** *Commonwealth v. Deans*, **530 Pa. 514, 610 A.2d 32 (1992); and** *Commonwealth v. Cohen*, **529 Pa. 552, 605 A.2d 1212 (1992).  The 1996 amendment to Rule 904(e) requires that the Commonwealth assert in the notice of appeal that the trial court's order will terminate or substantially handicap the prosecution.]**

**[Subdivision (e) (Orders overruling preliminary objections in eminent domain cases)—In subdivision(e), the 1992 amendment permits interlocutory appeals from orders overruling preliminary objections in eminent domain cases. These orders were previously appealable as final orders under Rule 341 even though such orders did not dispose of all claims and all parties. See** *In Re Certain*

*Parcels of Real Estate*, 420 Pa. 289, 216 A.2d 774 (1966); and *Central Bucks Joint School Bldg. Authority v. Rawls*, 8 Pa. Cmwlth. 491, 303 A.2d 863 (1973).]

[Subdivision]**Paragraph** (f) **[(Administrative remand)]**—**[In]Pursuant to [subdivision]** paragraph (f), **[the 1992 amendment permitted]there is** an immediate appeal as of right from an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion. Examples of such orders include: **[(1)]** a remand by a court of common pleas to the Department of Transportation for removal of points from a drivers license; and **[(2)]** an order of the **[Workmen's]Workers'** Compensation Appeal Board reinstating compensation benefits and remanding to a referee for computation of benefits.

[Subdivision]**Paragraph** (f) further permits immediate appeal from an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed. **[See]***See Lewis v. Sch. Dist. of Philadelphia*, **690 A.2d 814, 816 (Pa. Cmwlth. 1997).[***Department of Environmental Resources v. Big B Mining Co., Inc.***, 123 Pa. Cmwlth. 591, 554 A.2d 1002 (1989) (order of Environmental Hearing Board reversing D.E.R.'s denial of a surface mining permit and remanding to D.E.R. for re-evaluation of effluent limitations); *Phila. Commission On Human Relations v. Gold*, 95 Pa. Cmwlth. 76, 503 A.2d 1120 (1986) (court of common pleas order reversing a Philadelphia Human Relations Commission finding of discrimination on ground the commission impermissibly commingled prosecutorial [or] and adjudicative functions). The 1992 amendment overrules, in part, *FMC Corporation v. Workmen's Compensation Appeal Board*, 116 Pa. Cmwlth. 527, 542 A.2d 616 (1988) to the extent that it is inconsistent with subdivision (f).]**

**Subparagraph (g)(1)(iv)--Subparagraph (g)(1)(iv), added in 2015, addresses waiver in the context of appeals from various classes of arbitration orders. All six types of arbitration orders identified in 42 Pa.C.S. § 7320(a) are immediately appealable as of right. Differing principles govern these orders, some of which are interlocutory and some of which are final. The differences affect whether an order is appealable under this rule or Pa.R.A.P. 341(b) and whether an immediate appeal is necessary to avoid waiver of objections to the order.**

- **Section 7320(a)(1)--An interlocutory order refusing to compel arbitration under 42 Pa.C.S. § 7320(a)(1) is immediately appealable pursuant to Pa.R.A.P. 311(a)(8). Failure to appeal the interlocutory order immediately waives all objections to it. *See* Pa.R.A.P. 311(g)(1)(iv). This supersedes the holding in *Cooke v. Equitable Life Assurance Soc'y*, 723 A.2d 723, 726 (Pa.**

**Super. 1999). Pa.R.A.P. 311(a)(8) and former Pa.R.A.P. 311(g)(1)(i) require a finding of waiver based on failure to appeal the denial order when entered).**

- **Section 7320(a)(2)--Failure to appeal an interlocutory order granting an application to stay arbitration under 42 Pa.C.S. § 7304(b) does not waive the right to contest the stay; an aggrieved party may appeal such an order immediately under Pa.R.A.P. 311(a)(8) or challenge the order on appeal from the final judgment.**

- **Section 7320(a)(3)-(a)(6)--If an order is appealable under 42 Pa.C.S. § 7320(a)(3), (4), (5), or (6) because it is final, that is, the order disposes of all claims and of all parties, *see* Pa.R.A.P. 341(b), failure to appeal immediately waives all issues. If the order does not dispose of all claims or of all parties, then the order is interlocutory. An aggrieved party may appeal such an order immediately under Pa.R.A.P. 311(a)(8) or challenge the order on appeal from the final judgment.**

[Subdivision]**Paragraph** (h)**[(Further proceedings in lower court)]—[See]***See* note to **[Rule] Pa.R.A.P.** 1701(a) **[(effect of appeal generally)]**.

9

**Rule 341.  Final Orders; Generally.**

   (a)  General Rule.—Except as prescribed in **[subdivisions]paragraphs** (d)**[,]** and (e) of this rule, an appeal may be taken as of right from any final order of a**[n administrative agency]government unit** or **[lower]trial** court.

   (b)  Definition of Final Order.—A final order is any order that:
         (1) disposes of all claims and of all parties; or
         (2) **[is expressly defined as a final order by statute; or]RESCINDED**
         (3) is entered as a final order pursuant to **[subdivision]paragraph** (c) of this rule.

   (c)  *Determination of finality*.—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government**[al]** unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

         (1)  The trial court or other government**[al]** unit is required to act on an application for a determination of finality under **[subdivision]paragraph** (c) within 30 days of entry of the order.  During the time an application for a determination of finality is pending the action is stayed.

         (2)  A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in **[Rule]Pa.R.A.P.** 903(c).  Any denial of such an application shall be reviewable only for abuse of discretion pursuant to Chapter 15.

         (3)  Unless the trial court or other government**[al]** unit acts on the application within 30 days of entry of the order, the trial court or other government**[al]** unit shall no longer consider the application and it shall be deemed denied.

         (4)  The time for filing a petition for review will begin to run from the date of entry of the order denying the application for a determination of finality or, if the application is deemed denied, from the 31st day.  A petition for review may be filed within 30 days of the entry of the order denying the application or within 30 days of the deemed denial unless a shorter time period is provided by **[Rule]Pa.R.A.P.** 1512(b).

(d)  *Superior Court and Commonwealth Court Orders.*—Except as prescribed by **[Rule]Pa.R.A.P.** 1101**[(appeals as of right from the Commonwealth Court)]** no appeal may be taken as of right from any final order of the Superior Court or of the Commonwealth Court.

(e)  *Criminal Orders.*—An appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law.

Official Note:

*Related Constitutional and Statutory Provisions*—Section 9 of Article V of the Constitution of Pennsylvania provides that "there shall be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court." **[The term "administrative agency" is not defined in Rule 102 of these rules and as used in this rule is intended to have the same meaning as the term "administrative agency" in Section 9 of Article V of the Constitution of Pennsylvania.]**The constitutional provision is implemented by 2 Pa.C.S. § 702 **[(appeals)]**, 2 Pa.C.S. § 752**[ (appeals)]**, and 42 Pa.C.S. § 5105**[ (right to appellate review)]**.

*Criminal  Law  Proceedings—Commonwealth  Appeals*—Orders  formerly appealable under **[Rule]Pa.R.A.P.** 341 by the Commonwealth in criminal cases as heretofore provided by law, but which do not dispose of the entire case, are now appealable as interlocutory appeals as of right under **[Subdivision]paragraph** (d) of **[Rule]Pa.R.A.P.** 311.

*Final Orders—Pre- and Post-1992 Practice*—The 1992 amendment generally eliminates appeals as of right under **[Rule]Pa.R.A.P.** 341 from orders not ending the litigation as to all claims and as to all parties.  Formerly, there was case law that orders not ending the litigation as to all claims and all parties are final orders if such orders have the practical consequence of putting a litigant out of court.

A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order, **[see]**see *K.H. v. J.R.,***[ 573 Pa. 481, 493-94,]** 826 A.2d 863, 870-71 (**Pa.** 2003) (following trial); *Betz v. Pneumo Abex LLC,***[ ___ Pa. ___,]** 44 A.3d 27, 54 (**Pa.** 2012) (summary judgment).  Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

The 1997 amendments to **[subdivisions]**<u>paragraphs</u> (a) and (c), substituting the conjunction ''and'' for ''or,'' are not substantive. The amendments merely clarify that by definition any order which disposes of all claims will dispose of all parties and any order that disposes of all parties will dispose of all claims.

**[*Final Orders in Declaratory Judgment Matters*—In an action taken pursuant to the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531-7541, orders based on a pre-trial motion or petition are considered ''final'' within the meaning of this Rule, under subdivision (b)(2), if they affirmatively or negatively declare the rights and duties of the parties. *Nationwide Mut. Ins. Co. v. Wickett*, 563 Pa. 595, 604, 763 A.2d 813, 818 (2000). Thus, an order in a declaratory judgment action sustaining a demurrer and dismissing some, but not all, defendants is considered a final order under subdivision (b)(2) because it is expressly defined as such by statute. Importantly, however, when a court enters an order in a declaratory judgment action that overrules preliminary objections in the nature of a demurrer, the order is not ''final'' under subdivision (b)(2), because such order merely allows the case to go forward without declaring the rights and duties of the parties. *Safe Harbor Water Power Corp. v. Fajt*, 583 Pa. 234, 876 A.2d 954 (2005).**

**In order to preserve issues for appeal after a trial in a declaratory judgment action, an aggrieved party must file post-trial motions as required by Pa.R.C.P. No. 227.1. *Motorists Mutual v. Pinkerton*, 574 Pa. 333, 830 A.2d 958 (2003); *Chalkey v. Roush*, 569 Pa. 462, 805 A.2d 491 (2002).**

**form *Orders Appealable Under Other Rules*—Orders which are separable from and collateral to the main cause of action where the right involved is too important to be denied review, and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost, previously appealable as final orders under Rule 341, are now appealable under Rule 313. See *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)).**

**The following is a partial list of orders that are no longer appealable as final orders pursuant to Rule 341 but which, in an appropriate case, might fall under Rules 312 (Interlocutory Appeals by Permission) or 313 (Collateral Orders) of this Chapter.**

**(1) a decision transferring an equity action to the law side;**
**(2) an order denying a defendant leave to amend his answer to plead an affirmative defense;**
**(3) a pre-trial order refusing to permit a defendant to introduce evidence of an affirmative defense;**

12

(4) an order denying a party the right to intervene;
(5) an order denying a petition to amend a complaint;
(6) an order requiring the withdrawal of counsel;
(7) an order denying class certification in a class action case; and
(8) an order striking a lis pendens.

The dismissal of preliminary objections to a petition for appointment of a board of viewers and the dismissal of preliminary objections to a declaration of taking, formerly appealable as final orders under Rule 341, are now appealable as interlocutory appeals as of right under Rule 311.]

*Rescission of subparagraph (b)(2)* - The 2015 rescission of subparagraph (b)(2) eliminated a potential waiver trap created by legislative use of the adjective "final" to describe orders that were procedurally interlocutory but nonetheless designated as appealable as of right. Failure to appeal immediately an interlocutory order deemed final by statute waived the right to challenge the order on appeal from the final judgment. Rescinding subparagraph (b)(2) eliminated this potential waiver of the right to appeal. If an order designated as appealable by a statute disposes of all claims and of all parties, it is appealable as a final order pursuant to Pa.R.A.P. 341. If the order does not meet that standard, then it is interlocutory regardless of the statutory description. Pa.R.A.P. 311(a)(8) provides for appeal as of right from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims or of all parties and, thus, is interlocutory; Pa.R.A.P. 311(g) addresses waiver if no appeal is taken immediately from such interlocutory order.

One of the further effects of the rescission of subparagraph (b)(2) is to change the basis for appealability of orders that do not end the case but grant or deny a declaratory judgment. *See Nationwide Mut. Ins. Co. v. Wickett,* 763 A.2d 813, 818 (Pa. 2000); *Pa. Bankers Ass'n v. Pa. Dep't. of Banking*, 948 A.2d 790, 798 (Pa. 2008). The effect of the rescission is to eliminate waiver for failure to take an immediate appeal from such an order. A party aggrieved by an interlocutory order granting or denying a declaratory judgment, where the order satisfies the criteria for "finality" under *Pennsylvania Bankers Association*, may elect to proceed under Pa.R.A.P 311(a)(8) or wait until the end of the case and proceed under subparagraph (b)(1) of this rule.

An arbitration order appealable under 42 Pa.C.S. § 7320(a) may be interlocutory or final. If it disposes of all claims and all parties, it is final and, thus, appealable pursuant to Pa.R.A.P. 341. If the order does not dispose of all claims and all parties, that is, the order is not final, but rather interlocutory, it is appealable pursuant to Pa.R.A.P. 311. Failure to appeal an interlocutory order

13

**appealable as of right may result in waiver of objections to the order.** *See* **Pa.R.A.P. 311(g).**

[*Subdivision*]*Paragraph* (c)—*Determination of Finality*—**[Subdivision] Paragraph** (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Factors to be considered under **[Subdivision]paragraph** (c) include, but are not limited to:

(1)    whether there is a significant relationship between adjudicated and unadjudicated claims;

(2)   whether there is a possibility that an appeal would be mooted by further developments;

(3)    whether there is a possibility that the court or **[administrative agency]government unit** will consider issues a second time; **and**

(4)  whether an immediate appeal will enhance prospects of settlement.

The failure of a party to apply to the **[administrative agency]government unit** or **[lower]trial** court for a determination of finality pursuant to **[subdivision]paragraph** (c)**[,]** shall not constitute a waiver and the matter may be raised in a subsequent appeal following the entry of a final order disposing of all claims and all parties.

Where the **[administrative agency]government unit** or **[lower]trial** court refuses to amend its order to include the express determination that an immediate appeal would facilitate resolution of the entire case and refuses to enter a final order, a petition for review under Chapter 15 of the unappealable order of denial is the exclusive mode of review to determine whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal. **[See, e.g.]*See, e.g***., Pa.R.A.P. 1311**,** Official Note.  The filing of such a petition for review does not prevent the **[lower] trial [C]c**ourt or other government unit from proceeding further with the matter**[,]** pursuant to Pa.R.A.P. 1701(b)(6).  Of course, as in any case, the appellant could apply for a discretionary stay of the proceeding below.

Sub**[section]paragraph** (c)(2) provides for **a** stay of the action pending determination of an application for **a** determination of finality.  If a petition for review is filed challenging denial, a stay or **[supersedeas]*supersedeas*** will issue only as provided under Chapter 17 of these **[R]r**ules.

In the event that a trial court or other government**[al]** unit enters a final order pursuant to **[subdivision]paragraph** (c) of this rule, the trial court or other

government**[al]** unit may no longer proceed further in the matter, except as provided in Pa.R.A.P. 1701(b)(1)-(5).

The following is a partial list of orders previously interpreted by the courts as appealable as final orders under **[Rule]Pa.R.A.P.** 341 that are no longer appealable as of right unless the trial court or **[administrative agency]government unit** makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to **[Rule]Pa.R.A.P.** 341(c):

(1) an order dismissing one of several causes of action pleaded in a complaint but leaving pending other causes of action;

(2) an order dismissing a complaint but leaving pending a counterclaim;

(3) an order dismissing a counterclaim but leaving pending the complaint **[which]that** initiated the action;

(4) an order dismissing an action as to less than all plaintiffs or as to less than all defendants but leaving pending the action as to other plaintiffs and other defendants; **[and]**

(5) an order granting judgment against one defendant but leaving pending the complaint against other defendants; and

6) an order dismissing a complaint to join an additional defendant or denying a petition to join an additional defendant or denying a petition for late joinder of an additional defendant.

The 1997 amendment adding sub**[division]paragraph** (c)(3) provide**[s]d** for a deemed denial where the trial court or other government**[al]** unit fails to act on the application within 30 days.

15

**Rule 904. Content of the Notice of Appeal.**

(a) *Form.*—Except as otherwise prescribed by this rule, the notice of appeal shall be in substantially the following form:

\*        \*        \*

(b) *Caption.*—The parties shall be stated in the caption as they stood upon the record of the **[lower]trial** court at the time the appeal was taken.

(c) *Request for transcript.*—The request for transcript contemplated by **[Rule]Pa.R.A.P.** 1911**[(request for transcript)]** or a statement signed by counsel that **either** there is **[either ]**no verbatim record of the proceedings or the complete transcript has been lodged of record**[,]** shall accompany the notice of appeal, but the absence of or defect in the request for transcript shall not affect the validity of the appeal.

(d) *Docket entry.*—The notice of appeal shall include a statement that the order appealed from has been entered **[in]on** the docket. A copy of the docket entry showing the entry of the order appealed from shall be attached to the notice of appeal.

(e) *Content in criminal cases.*—When the Commonwealth takes an appeal pursuant to **[Rule]Pa.R.A.P.** 311(d), the notice of appeal shall include a certification by counsel that the order will terminate or substantially handicap the prosecution.

(f) *Content in children's fast track appeals.*—In a children's fast track appeal the notice of appeal shall include a statement advising the appellate court that the appeal is a children's fast track appeal.

Official Note:

The Offense Tracking Number (OTN) is required only in an appeal in a criminal proceeding. It enables the Administrative Office of the Pennsylvania Courts to collect and forward to the Pennsylvania State Police information pertaining to the disposition of all criminal cases as provided by the Criminal History Record Information Act, 18 Pa.C.S. § 9101**, *et seq*[et seq]**.

**[The 1986 amendment requires that t]T**he notice of appeal **must** include a statement that the order appealed from has been entered **[in]on** the docket. **[The 1986 amendment deletes the requirement that t]T**he appellant **does not need to** certify that the order has been reduced to judgment. This omission does not eliminate the requirement of reducing an order to judgment before there is a final appealable order where required by applicable practice or case law.

**[The 1997 amendment changes the word ''order'' to ''request'' in order to eliminate any unintended implication that a court order is required.  No court order is required to obtain a transcript of the proceedings.  *See* Pa.R.J.A. 5000.5 and the 1997 amendment to subdivision (a) of Rule 1911.]**

With respect to **[subdivision]paragraph** (e), in *Commonwealth v. Dugger*, **[506 Pa. 537,]**486 A.2d 382**, 386** (**Pa.** 1985), the Supreme Court held that the Commonwealth's certification that an order will terminate or substantially handicap the prosecution is not subject to review as a prerequisite to the Superior Court's review of the merits of the appeal.  **The principle in *Dugger* has been incorporated in and superseded by Pa.R.A.P. 311(d).  *Commonwealth v. Dixon*, 907 A.2d 468, 471 n.8 (Pa. 2006).**  Thus, the need for a detailed analysis of the effect of the order, formerly necessarily a part of the Commonwealth's appellate brief, **[was]has been** eliminated. **[*See* also *Commonwealth v. Deans,* 530 Pa. 514, 610 A.2d 32 (1992); *Commonwealth v. Cohen*, 529 Pa. 552, 605 A.2d 1212 ( 1992) (allowing appeals by the Commonwealth from adverse rulings on motions in limine).  Accordingly, the 1997 amendment added subdivision (e) as a requirement when the Commonwealth takes an appeal pursuant to Rule 311(d).]**

A party filing a cross-appeal should identify it as a cross-appeal in the notice of appeal to assure that the prothonotary will process the cross-appeal with the initial appeal.  *See* **[also]*also*** **[Rules]Pa.R.A.P.** 2113, 2136**,** and 2185 regarding briefs in cross-appeals and **[Rule]Pa.R.A.P.** 2322 regarding oral argument in multiple appeals.