56 A.3d 692

The PENNSYLVANIA STATE EDUCATION ASSOCIATION, by Lynne WILSON, General Counsel, William McGill, F. Darlene Albaugh, Heather Kolanich, Wayne Davenport, Frederick Smith, Jamie McPoyle, Brianna Miller, Valerie Brown, Janet Layton, Korri Brown, Al Reitz, Lisa Lang, Brad Group, and Randall Sovisky, Appellants–Petitioners [1]

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, Office of Open Records, and Terry Mutchler, Executive Director of the Office of Open Records, Appellees–Respondents.

Pennsylvania Association of School Retirees, Ureneus V. Kirkwood, John B. Nye, Stephen M. Vak, Richard Rowland, Simon Campbell, Intervenors.

Supreme Court of Pennsylvania.

Nov. 1, 2010.

1. In these applications, petitioners Pennsylvania State Education Association ("PSEA") et al. refer to themselves as appellees, presumably because of their party status in the related case, *Pa. State Educ. Ass'n v. Commonwealth*, 606 Pa. 638, 2 A.3d 558 (2010). However, these applications relate to the current appeal, pending at 59 MAP 2010, where petitioners are actually appellants.

PER CURIAM.

Appellants filed this action in the original jurisdiction of the Commonwealth Court, seeking declaratory and injunctive relief against the Commonwealth's Office of Open Records and its executive director to prevent the release of information in response to a request pursuant to the Right–to–Know Law. The information requested included the home addresses of, *inter alia,* the named individual appellants. Contemporaneous with their petition for review, appellants also sought a preliminary injunction. On July 28, 2009, the Honorable Rochelle S. Friedman issued a single judge order granting appellants' application for a preliminary injunction. Appellees appealed the grant of a preliminary injunction. On August 17, 2010, this Court affirmed Judge Friedman's order in a *per curiam* decision, without prejudice to any party's right to appeal the Commonwealth Court's final disposition. *Pa. State Educ. Ass'n v. Commonwealth,* 606 Pa. 638, 2 A.3d 558 (2010).

Subsequently, on September 24, 2010, the Commonwealth Court issued an *en banc* decision sustaining appellees' preliminary objections and dismissing appellants' petition for review. On October 13, 2010, the Commonwealth Court denied appellants' application for restoration of an injunction pending appeal. Appellants filed a timely appeal from the Commonwealth Court's *en banc* decision, and that appeal remains pending in this Court. *See* No. 59 MAP 2010.

On October 19, 2010, appellants filed the present applications seeking to restore the *status quo* pre-dating the Commonwealth Court's *en banc* decision, via reinstatement of the preliminary injunction issued by Judge Friedman. Albeit the request for relief is characterized as a restoration of the preliminary injunction, on the merits, the parties essentially argue whether an entry of a stay pending appeal is appropriate. Upon review of the parties' pleadings, we believe that appellants are entitled to a stay pursuant to *Pennsylvania Public Utility Comm'n v. Process Gas Consumers Group,* 502 Pa. 545, 467 A.2d 805 (1983). Accordingly, we enter the following:

## ORDER

**AND NOW,** this 1st day of November 2010, upon consideration of appellants' Application for Restoration of Injunction Pending Appeal and Application for Expedited Consideration of Application for Restoration of Injunction Pending Appeal, the order of the Commonwealth Court dated September 24, 2010, is **STAYED** pending disposition of the appellants' appeal to this Court at No. 59 MAP 2010. This Court's Order of August 17, 2010, affirming the entry of the preliminary injunction on July 28, 2009, shall remain in effect.