J-A01004-20

2020 PA Super 97

| | | |
|---|---|---|
| IN RE: THE PASSARELLI FAMILY TRUST AN IRREVOCABLE TRUST INSTRUMENT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARGARET PASSARELLI | : : : : : | |
| | : | No. 2121 EDA 2019 |

Appeal from the Order Entered June 24, 2019
In the Court of Common Pleas of Chester County Orphans' Court at
No(s):  No. 1516-0101

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.[*]

OPINION BY NICHOLS, J.:                           Filed: April 16, 2020

Appellant Margaret Passarelli appeals from the order denying her petition for injunctive relief and removal of trustee and successor trustees. For the reasons stated below, we quash.

The parties are familiar with the factual and procedural history. Briefly, on September 16, 2016, the Orphans' Court entered a decree terminating the trust in question. Appellee Joseph A. Passarelli appealed, and ultimately, this *en banc* Court reversed the Orphans' Court on March 28, 2019. On April 18, 2019, Appellant filed a petition for allowance of appeal with our Supreme Court. **See In re: Passarelli Family Tr.**, 206 A.3d 1188 (Pa. Super. filed Mar. 28, 2019) (*en banc*), *appeal granted*, 217 A.3d 809 (Pa. filed Sept. 11, 2019).

---

[*] Retired Senior Judge assigned to the Superior Court.

Also on April 18, 2019, Appellant filed an omnibus petition pursuant to Pennsylvania Orphans' Court Rule 3.15 for injunctive relief and removal of trustee and successor trustees with the trial court. In that petition, Appellant requested that the trial court enjoin almost all parties "from managing, spending, or dissipating the assets" of the trust in question. Omnibus Pet. Pursuant to Pa. Orphans' Ct. R. 3.15 for Inj. Relief & Removal of Trustee & Successor Trustees, 4/18/19, at 1.[1] Appellant reasoned that she was entitled to an injunction pending appeal in order "to preserve the status quo . . . ." *Id.* at 26-27 (discussing Pa.R.A.P. 1701-02). The trial court denied the petition without a hearing on June 24, 2019.[2]

On July 23, 2019, Appellant timely appealed from the trial court's order denying her omnibus petition for injunctive relief. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

---

[1] The petition requested that one party not be enjoined for reasons not relevant here. We add that Orphans' Court Rule 3.15 permits a party to state more than one cause of action in a pleading.

[2] Meanwhile, on May 16, 2019, Appellant filed an emergency petition for injunctive relief requesting that Joseph Passarelli be "prohibited from withdrawing funds or dissipating assets" from the trust. Emergency Pet. for Inj. Relief, 5/16/19, at 1. Appellant contended that injunctive relief was necessary given that the trial court had not yet resolved her prior omnibus petition. In support, Appellant cited Orphans' Court Rule 7.4 and Rule of Civil Procedure 1531. The trial court denied Appellant's petition on May 22, 2019. Appellant did not appeal from this order. On June 13, 2019, Appellant filed a motion for reconsideration, which the trial court denied on June 24, 2019.

1. Whether the orphans' court abused its discretion in failing to grant Appellant's request for injunctive relief even though Appellant established a *prima facie* showing for injunctive relief.

2. Whether the orphans' court abused its discretion in failing to grant Appellant's request for a hearing and Appellee's removal as trustee in spite of overwhelming evidence, taken in the light most favorable to Appellant, which called for Appellee's removal.

3. Whether the orphans' court abused its discretion when it denied Appellant a stay and/or injunction pending appeal where the Pennsylvania Rules of Appellate Procedure expressly allow lower courts to take certain actions to preserve the status quo during the pendency of an appeal, and Appellant sought to enjoin Appellee from managing, spending, or dissipating the assets of the very trust subject to Supreme Court review.

Appellant's Brief at 3.

We initially address whether we have jurisdiction to entertain Appellant's appeal. **All-Pak, Inc. v. Johnston**, 694 A.2d 347, 352 (Pa. Super. 1997). "[A]fter an appeal is taken . . . the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Generally, under Pennsylvania Rule of Appellate Procedure 1701(a), the filing of a petition for allowance of appeal would divest the lower courts of jurisdiction to proceed. Pa.R.A.P. 102, 1701; **see** 20A West's Pa. Practice § 1701:5.

Rule 1701(b), however, sets forth six exceptions to Rule 1701(a). In relevant part, Rule 1701(b) provides that a trial court may "[t]ake such action as may be necessary to preserve the status quo . . . ." Pa.R.A.P. 1701(b)(1). "Examples include the issuance of a stay or supersedeas, or an injunction pending appeal, or similar relief." 20A West's Pa. Practice § 1701:15 (footnotes omitted); **see** Pa.R.A.P. 1701 note.

- 3 -

Rule 1732 addresses an application for an injunction pending appeal:

**(a) Application to trial court.—** Application for a stay of an order of a trial court pending appeal, or for approval of or modification of the terms of any *supersedeas*, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal, or for relief in the nature of peremptory mandamus, must ordinarily be made in the first instance to the trial court, except where a prior order under this chapter has been entered in the matter by the appellate court or a judge thereof.

**(b) Contents of application for stay.—** An application for stay of an order of a trial court pending appeal, or for approval of or modification of the terms of any *supersedeas*, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal, or for relief in the nature of peremptory mandamus, may be made to the appellate court or to a judge thereof, but the application shall show that application to the trial court for the relief sought is not practicable, or that the trial court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the trial court for its action.

Pa.R.A.P. 1732(a)-(b).

If "the application for Rule 1732(a) relief is denied by the trial court, the appellant may not appeal the denial for the obvious reason that the denial order is interlocutory.  Rather, the appellant must renew the application, that is, file a new application, with the appellate court."  20A West's Pa. Practice § 1732:4 (footnote omitted); **see also** Pa.R.A.P. 1732(b) (discussing contents of application for injunction to appellate court, which must include showing that trial court denied prior application for injunction).  One treatise has noted that in "the context of a petition for allowance of appeal to the Supreme Court, the application for Rule 1732(a) relief should be made to the intermediate

appellate court, not to the trial court." 20A West's Pa. Practice § 1732:3 (footnote omitted) (citing cases involving only the Commonwealth Court).

Rule 3315 contemplates repeated applications from any order entered under Chapter 17, instead of appeals from orders resolving Chapter 17 applications:

> Where the Superior Court or the Commonwealth Court in the exercise of its appellate jurisdiction has entered an order under Chapter 17 (effect of appeals; supersedeas and stays), such order may be further reviewed by any justice of the Supreme Court in the manner prescribed by Chapter 17 with respect to appellate review of supersedeas and stay determinations of lower courts.
>
> *Note*: After a party has applied for a stay, etc., in the trial court, and a further application has been acted on by the Superior Court or the Commonwealth Court, or by a judge thereof, a further application may be made under this rule to the Supreme Court or to a justice thereof.

Pa.R.A.P. 3315 & note.

In **Pa. State Educ. Ass'n ex rel. Wilson v. Commonwealth**, 56 A.3d 692 (Pa. 2010) (*per curiam*), the plaintiffs filed original suit in the Commonwealth Court. **Wilson**, 56 A.3d at 692. A single judge of the Commonwealth Court granted the plaintiffs' application for a preliminary injunction. **Id.** The defendants filed preliminary objections, which the *en banc* Commonwealth Court sustained and which had the impact of vacating the single judge's prior grant of a preliminary injunction. **Id.** The plaintiffs appealed to our Supreme Court, and while that appeal was pending, the plaintiffs filed an application with our Supreme Court seeking to restore the preliminary injunction. **Id.** Our Supreme Court construed the application as

a request for a stay of the *en banc* Commonwealth Court's decision pending appeal and granted the stay. *Id.* at 692-93. We note that the plaintiffs filed their application with our Supreme Court, as their appeal was pending before it.

In ***Young J. Lee, Inc. v. Commonwealth***, 474 A.2d 266 (Pa. 1983), the Department of Revenue (Department) revoked Young J. Lee, Inc.'s (Lee) lottery license. ***Young J. Lee***, 474 A.2d at 268. Lee "filed a petition for review and a motion to stay the Department's revocation in Commonwealth Court." *Id.* The Commonwealth Court granted the motion to stay, and the Department appealed. *Id.*

In resolving the appeal, our Supreme Court noted that the Commonwealth Court improperly held that it exercised original jurisdiction over Lee's application to stay pending review. *Id.* Our Supreme Court reasoned that the Rules of Appellate Procedure govern an application for stay pending review. *Id.* Therefore, our Supreme Court held, the Commonwealth Court exercises appellate jurisdiction and not original jurisdiction over an application for stay pending review. *Id.*

> A stay, like a supersedeas, is an auxiliary process designed to supersede or hold in abeyance the enforcement of the judgment of an inferior tribunal. . . . [A]n application for a stay pending review pursuant to the Rules of Appellate Procedure is within the appellate, not the original, jurisdiction of Commonwealth Court.
>
> Since the application for a stay is within the appellate rather than the original jurisdiction of Commonwealth Court, the Department does not have an appeal as of right to this Court.

*Id.* at 268-69 (footnote omitted).[3, 4]

Here, as noted above, Appellant prevailed in the trial court but this *en banc* Court reversed. On the same day that Appellant filed a petition for allowance of appeal with our Supreme Court, she filed an omnibus petition specifically requesting an injunction pending appeal in order to preserve the status quo. Omnibus Pet. Pursuant to Pa. Orphans' Ct. R. 3.15 for Inj. Relief & Removal of Trustee & Successor Trustees at 26-27.[5] Appellant's petition is governed by Rule 1732, which provides that such an application must ordinarily be made to the trial court initially. ***See*** Pa.R.A.P. 1732(a) (stating,

---

[3] Our Supreme Court noted that it would still entertain the appeal because the Commonwealth Court certified that its "interlocutory order granting a stay involved a controlling question of law as to which there is a substantial ground for difference of opinion." ***Young J. Lee***, 474 A.2d at 269.

[4] The ***Young J. Lee*** Court further concluded that the Department's appeal was not properly before the Court under Pa.R.A.P. 311(a)(4), noting:

> The Department asserts that this Court has jurisdiction of its appeal under Pa.R.A.P. 311(a)(4). Rule 311(a)(4) provides for an interlocutory appeal as of right from "an order granting continuing, modifying, refusing or dissolving injunctions, or refusing to modify or dissolve injunctions." As a practical matter, this Court cannot interpret Rule 311(a)(4) to also permit interlocutory appeals of right from the grant or denial of a stay or supersedeas by Commonwealth Court.

***Young J. Lee***, 474 A.2d at 268-69.

[5] Appellant's petition, however, did not cite to Rule 1732, but cited Rules 1701 and 1702. On appeal, Appellant's brief, unlike her petition, cited Rule 1732 in passing. Appellant's Brief at 26.

"[a]pplication for . . . injunction during the pendency of an appeal . . . must ordinarily be made in the first instance to the trial court . . . ."). Because Appellant filed a petition for allowance of appeal with our Supreme Court, however, the better practice would have been for Appellant to file an application with this Court.[6]  **See Wilson**, 56 A.3d at 692; **see also** 20A West's Pa. Practice § 1732:3 (citing Commonwealth Court cases).

In any event, given the plain language of Rule 1732, it was reasonable for Appellant to have filed her application with the trial court.  **See** Pa.R.A.P. 1732(a).  But when the trial court denied Appellant's application on June 24, 2019, Appellant should have filed an application with this Court instead of filing a notice of appeal.  **See** Pa.R.A.P. 1732(b) (stating application for injunction may be made to appellate court upon showing that trial court has denied application); **Wilson**, 56 A.3d at 692 (noting plaintiffs filed application with Supreme Court seeking to restore status quo while appeal was pending before our Supreme Court); **see also** Pa.R.A.P. 3315 (recognizing that after Rule 1732 application denied by trial court, and further application denied by this Court, a third application may be filed with our Supreme Court); **see generally** 20A West's Pa. Practice § 1732:4 (stating that an appellant must

---

[6] Our Supreme Court had not yet granted Appellant's petition for allowance of appeal, which occurred on September 11, 2019.

file a new Rule 1732 application with the appellate court because the trial court's order denying Rule 1732 relief is interlocutory).

For these reasons, we quash this appeal. Appellant should have filed a Chapter 17 application with this Court while her petition for allowance of appeal with our Supreme Court was outstanding. *See* Pa.R.A.P. 1702(a), 1732, 3315; *Wilson*, 56 A.3d at 692-93.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/20