**Rule 311. Interlocutory Appeals as of Right.**

(a) **[*General rule.***—] **General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from **the following types of orders**:

    (1) **[*Affecting judgments.***—] **Affecting Judgments.** An order refusing to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

    (2) **[*Attachments, etc.***—] **Attachments, etc.** An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property, except for orders pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a).

    (3) **[*Change of criminal venue or venire.***—] **Change of Criminal Venue or Venire.** An order changing venue or venire in a criminal proceeding.

    (4) **[*Injunctions.***—] **Injunctions.** An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:

        (i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or

        (ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

    (5) **[*Peremptory judgment in mandamus.***—] **Peremptory Judgment in Mandamus.** An order granting peremptory judgment in mandamus.

    (6) **[*New trials.***—] **New Trials.** An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the trial court committed an error of law.

(7)   **[*Partition.*—] Partition.**  An order directing partition.

(8)   **[*Other cases.*—] Other Cases.**  An order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties.

(b)   **[*Order sustaining venue or personal or in rem jurisdiction.*—] Order Sustaining Venue or Personal or In Rem Jurisdiction.**  An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

(1)   the plaintiff, petitioner, or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or

(2)   the court states in the order that a substantial issue of venue or jurisdiction is presented.

(c)   **[*Changes of venue, etc.*—] Changes of Venue, etc.**  An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles.

(d)   **[*Commonwealth appeals in criminal cases.*—] Commonwealth Appeals in Criminal Cases.**  In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

(e)   **[*Orders overruling preliminary objections in eminent domain cases.*—] Orders Overruling Preliminary Objections in Eminent Domain Cases.**  An appeal may be taken as of right from an order overruling preliminary objections to a declaration of taking and an order overruling preliminary objections to a petition for appointment of a board of viewers.

(f)   **[*Administrative remand.*—] Administrative Remand.**  An appeal may be taken as of right from:

(1)   an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of

2

the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; or

(2)     an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed.

(g)     **[*Waiver of objections.*] <u>Waiver of Objections<i>.</i></u>**

(1)     Except as provided in **[subparagraphs (g)(1)(ii), (iii), and (iv)] <u>subdivision (g)(1)</u>**, failure to file an appeal of an interlocutory order does not waive any objections to the interlocutory order:

(i)     RESCINDED<u>.</u>

(ii)    Failure to file an appeal from an interlocutory order under **[subparagraph (b)(1) or paragraph (c)] <u>subdivision (b)(1) or subdivision (c)</u>** of this rule shall constitute a waiver of all objections to jurisdiction over the person or over the property involved or to venue, etc., and the question of jurisdiction or venue shall not be considered on any subsequent appeal.

(iii)   Failure to file an appeal from an interlocutory order under **[paragraph] <u>subdivision</u>** (e) of this rule shall constitute a waiver of all objections to such an order.

(iv)    Failure to file an appeal from an interlocutory order refusing to compel arbitration, appealable under 42 Pa.C.S. § 7320(a)(1) and **[subparagraph] <u>subdivision</u>** (a)(8) of this rule, shall constitute a waiver of all objections to such an order.

(2)     Where no election that an interlocutory order shall be deemed final is filed under **[subparagraph] <u>subdivision</u>** (b)(1) of this rule, the objection may be raised on any subsequent appeal.

(h)     **[*Further proceedings in the trial court.***—] <u>Further Proceedings in the Trial Court.</u>** Pa.R.A.P. 1701(a) shall not be applicable to a matter in which an interlocutory order is appealed under **[subparagraphs] <u>subdivisions</u>** (a)(2) or (a)(4) of this rule.

3

[**Official Note:**

**Authority**—This rule implements 42 Pa.C.S. § 5105(c), which provides:

**(c) Interlocutory appeals.** There shall be a right of appeal from such interlocutory orders of tribunals and other government units as may be specified by law. The governing authority shall be responsible for a continuous review of the operation of section 702(b) (relating to interlocutory appeals by permission) and shall from time to time establish by general rule rights to appeal from such classes of interlocutory orders, if any, from which appeals are regularly permitted pursuant to section 702(b).

The appeal rights under this rule and under Pa.R.A.P. 312, Pa.R.A.P. 313, Pa.R.A.P. 341, and Pa.R.A.P. 342 are cumulative; and no inference shall be drawn from the fact that two or more rules may be applicable to an appeal from a given order.

**Paragraph (a)**—If an order falls under Pa.R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Pa.R.A.P. 341(c) and 1311 do not apply to an appeal under Pa.R.A.P. 311.

**Subparagraph (a)(1)**—The 1989 amendment to subparagraph (a)(1) eliminated interlocutory appeals of right from orders opening, vacating, or striking off a judgment while retaining the right of appeal from an order refusing to take any such action.

**Subparagraph (a)(2)**—The 1987 Amendment to subparagraph (a)(2) is consistent with appellate court decisions disallowing interlocutory appeals in matrimonial matters. *Fried v. Fried*, 501 A.2d 211 (Pa. 1985); *O'Brien v. O'Brien*, 519 A.2d 511 (Pa. Super. 1987).

**Subparagraph (a)(3)**—Change of venire is authorized by 42 Pa.C.S. § 8702. Pa.R.Crim.P. 584 treats changes of venue and venire the same. Thus an order changing venue or venire is appealable by the defendant or the Commonwealth, while an order refusing to change venue or venire is not.

*See* also Pa.R.A.P. 903(c)(1) regarding time for appeal.

**Subparagraph (a)(4)**—The 1987 amendment to subparagraph (a)(4) is consistent with appellate court decisions disallowing interlocutory appeals in matrimonial matters. *Fried v. Fried*, 501 A.2d 211, 215 (Pa. 1985); *O'Brien v. O'Brien*, 519 A.2d 511, 514 (Pa. Super. 1987).

The 1996 amendment to subparagraph (a)(4) reconciled two conflicting lines of cases by adopting the position that generally an appeal may not be taken from a *decree nisi* granting or denying a permanent injunction.

The 2009 amendment to the rule conformed the rule to the 2003 amendments to the Pennsylvania Rules of Civil Procedure abolishing actions in equity and thus eliminating the *decree nisi*.  Because *decrees nisi* were in general not appealable to the extent they were not effective immediately upon entry, this principle has been expressly incorporated into the body of the rule as applicable to any injunction.

Subparagraph (a)(5)—Subparagraph (a)(5), added in 1996, authorizes an interlocutory appeal as of right from an order granting a motion for peremptory judgment in mandamus without the condition precedent of a motion to open the peremptory judgment in mandamus.  An order denying a motion for peremptory judgment in mandamus remains unappealable.

Subparagraph (a)(8)—Subparagraph (a)(8) recognizes that orders that are procedurally interlocutory may be made appealable by statute or general rule.  For example, see 27 Pa.C.S. § 8303.  The Pennsylvania Rules of Civil Procedure, the Pennsylvania Rules of Criminal Procedure, etc., should also be consulted.

See Pa.R.A.P. 341(f) for appeals of Post Conviction Relief Act orders.

Following a 2005 amendment to Pa.R.A.P. 311, orders determining the validity of a will or trust were appealable as of right under former subparagraph(a)(8).  Pursuant to the 2011 amendments to Pa.R.A.P. 342, such orders are now immediately appealable under Pa.R.A.P. 342(a)(2).

Paragraph(b)-- Paragraph (b) is based in part on the Act of March 5, 1925, P.L. 23.  The term "civil action or proceeding" is broader than the term "proceeding at law or in equity" under the prior practice and is intended to include orders entered by the orphans' court division. *Cf. In the Matter of Phillips*, 370 A.2d 307 (Pa. 1977).

In subparagraph (b)(1), a plaintiff is given a qualified (because it can be overridden by petition for and grant of permission to appeal under Pa.R.A.P. 312) option to gamble that the venue of the matter or personal or *in rem* jurisdiction will be sustained on appeal.  Subparagraph (g)(1)(ii) provides that if the plaintiff timely elects final treatment, the failure of the defendant to appeal constitutes a waiver. The appeal period under Pa.R.A.P. 903 ordinarily runs from the entry of the order, and not from the date of filing of the election, which procedure will ordinarily afford at least 20 days within which to appeal.  *See* Pa.R.A.P. 903(c) as to treatment of

special appeal times.  If the plaintiff does not file an election to treat the order as final, the case will proceed to trial unless (1) the trial court makes a finding under subparagraph (b)(2) of the existence of a substantial question of jurisdiction and the defendant elects to appeal, (2) an interlocutory appeal is permitted under Pa.R.A.P. 312, or (3) another basis for appeal appears, for example, under subparagraph (a)(1), and an appeal is taken.  Presumably, a plaintiff would file such an election where plaintiff desires to force the defendant to decide promptly whether the objection to venue or jurisdiction will be seriously pressed.  Paragraph (b) does not cover orders that do not sustain jurisdiction because they are, of course, final orders appealable under Pa.R.A.P. 341.

Subparagraph (b)(2)--The 1989 amendment to subparagraph (b)(2) permits an interlocutory appeal as of right where the trial court certifies that a substantial question of venue is present.  This eliminated an inconsistency formerly existing between paragraph (b) and subparagraph (b)(2).

Paragraph (c)-- Paragraph (c) is based in part on the act of March 5, 1925 (P. L. 23, No. 15).  The term "civil action or proceeding" is broader than the term "proceeding at law or in equity" under the prior practice and is intended to include orders entered by the orphans' court division.  *Cf. In the Matter of Phillips*, 370 A.2d 307, 308 (Pa. 1977).

Paragraph (c) covers orders that do not sustain venue, such as orders under Pa.R.C.P. 1006(d) and (e).

However, the paragraph does not relate to a transfer under 42 Pa.C.S. § 933(c)(1), 42 Pa.C.S. § 5103, or any other similar provision of law, because such a transfer is not to a "court of coordinate jurisdiction" within the meaning of this rule; it is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction.  Such orders may be appealed by permission under Pa.R.A.P. 312, or an appeal as of right may be taken from an order dismissing the matter for lack of jurisdiction.  *See Balshy v. Rank*, 490 A.2d 415, 416 (Pa. 1985).

Other orders relating to subject matter jurisdiction (which for this purpose does not include questions as to the form of action, such as between law and equity, or divisional assignment, *see* 42 Pa.C.S. § 952) will be appealable under Pa.R.A.P. 341 if jurisdiction is not sustained, and otherwise will be subject to Pa.R.A.P. 312.

Paragraph (d)—Pursuant to paragraph (d), the Commonwealth has a right to take an appeal from an interlocutory order provided that the Commonwealth certifies in the notice of appeal that the order terminates or substantially handicaps the prosecution.  *See* Pa.R.A.P. 904(e).  This rule supersedes *Commonwealth v.*

6

*Dugger*, 486 A.2d 382, 386 (Pa. 1985). *Commonwealth v. Dixon*, 907 A.2d 468, 471 n.8 (Pa. 2006).

Paragraph (f)—Pursuant to paragraph (f), there is an immediate appeal as of right from an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion. Examples of such orders include: a remand by a court of common pleas to the Department of Transportation for removal of points from a drivers license; and an order of the Workers' Compensation Appeal Board reinstating compensation benefits and remanding to a referee for computation of benefits.

Paragraph (f) further permits immediate appeal from an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed. *See Lewis v. Sch. Dist. of Philadelphia*, 690 A.2d 814, 816 (Pa. Cmwlth. 1997).

Subparagraph (g)(1)(iv)—Subparagraph (g)(1)(iv), added in 2015, addresses waiver in the context of appeals from various classes of arbitration orders. All six types of arbitration orders identified in 42 Pa.C.S. § 7320(a) are immediately appealable as of right. Differing principles govern these orders, some of which are interlocutory and some of which are final. The differences affect whether an order is appealable under this rule or Pa.R.A.P. 341(b) and whether an immediate appeal is necessary to avoid waiver of objections to the order.

- Section 7320(a)(1)—An interlocutory order refusing to compel arbitration under 42 Pa.C.S. § 7320(a)(1) is immediately appealable pursuant to Pa.R.A.P. 311(a)(8). Failure to appeal the interlocutory order immediately waives all objections to it. *See* Pa.R.A.P. 311(g)(1)(iv). This supersedes the holding in *Cooke v. Equitable Life Assurance Soc'y*, 723 A.2d 723, 726 (Pa. Super. 1999). Pa.R.A.P. 311(a)(8) and former Pa.R.A.P. 311(g)(1)(i) require a finding of waiver based on failure to appeal the denial order when entered).

- Section 7320(a)(2)—Failure to appeal an interlocutory order granting an application to stay arbitration under 42 Pa.C.S. § 7304(b) does not waive the right to contest the stay; an aggrieved party may appeal such an order immediately under Pa.R.A.P. 311(a)(8) or challenge the order on appeal from the final judgment.

7

- **Section 7320(a)(3)-(a)(6)—If an order is appealable under 42 Pa.C.S. § 7320(a)(3), (4), (5), or (6) because it is final, that is, the order disposes of all claims and of all parties,** *see* **Pa.R.A.P. 341(b), failure to appeal immediately waives all issues. If the order does not dispose of all claims or of all parties, then the order is interlocutory. An aggrieved party may appeal such an order immediately under Pa.R.A.P. 311(a)(8) or challenge the order on appeal from the final judgment.**

**Paragraph (h)—***See* **note to Pa.R.A.P. 1701(a).]**

(This is entirely new text.)

**Comment:**

Authority—This rule implements 42 Pa.C.S. § 5105(c), which provides:

(c) Interlocutory appeals. There shall be a right of appeal from such interlocutory orders of tribunals and other government units as may be specified by law. The governing authority shall be responsible for a continuous review of the operation of section 702(b) (relating to interlocutory appeals by permission) and shall from time to time establish by general rule rights to appeal from such classes of interlocutory orders, if any, from which appeals are regularly permitted pursuant to section 702(b).

The appeal rights under this rule and under Pa.R.A.P. 312, Pa.R.A.P. 313, Pa.R.A.P. 341, and Pa.R.A.P. 342 are cumulative, and no inference shall be drawn from the fact that two or more rules may be applicable to an appeal from a given order.

Subdivision (a)—If an order falls under Pa.R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Pa.R.A.P. 341(c) and 1311 do not apply to an appeal under Pa.R.A.P. 311.

Subdivision (a)(3)—Change of venire is authorized by 42 Pa.C.S. § 8702. Pa.R.Crim.P. 584 treats changes of venue and venire the same. Thus, an order changing venue or venire is appealable by the defendant or the Commonwealth, while an order refusing to change venue or venire is not. *See* also Pa.R.A.P. 903(c)(1) regarding time for appeal.

Subdivision (a)(4)—This subdivision does not apply to an order granting or denying an application filed with a trial court under Pa.R.A.P. 1732(a) (stays or injunctions pending appeal). Any further relief may be sought directly from the appellate court under Pa.R.A.P. 1732(b). *See In re Passarelli Trust*, 231 A.3d 969 (Pa. Super. 2020).

Subdivision (a)(5) authorizes an interlocutory appeal as of right from an order granting a motion for peremptory judgment in mandamus without the condition precedent of a motion to open the peremptory judgment in mandamus.  An order denying a motion for peremptory judgment in mandamus remains unappealable.

Subdivision (a)(6)—*See Commonwealth v. Wardlaw*, 249 A.3d 937 (Pa. 2021) (holding that an order declaring a mistrial only is not "an order in a criminal proceeding awarding a new trial").

Subdivision (a)(8) recognizes that orders that are procedurally interlocutory may be made appealable by statute or general rule.  For example, see 27 Pa.C.S. § 8303. The Pennsylvania Rules of Civil Procedure, the Pennsylvania Rules of Criminal Procedure, etc., should also be consulted.  See Pa.R.A.P. 341(f) for appeals of Post Conviction Relief Act orders.

Subdivision (b) is based in part on the Act of March 5, 1925, P.L. 23.  The term "civil action or proceeding" is broader than the term "proceeding at law or in equity" under the prior practice and is intended to include orders entered by the orphans' court division. *Cf. In the Matter of Phillips*, 370 A.2d 307 (Pa. 1977).

In subdivision (b)(1), a plaintiff is given a qualified option to gamble that the venue of the matter or personal or *in rem* jurisdiction will be sustained on appeal because it can be overridden by petition for and grant of permission to appeal under Pa.R.A.P. 312. Subdivision (g)(1)(ii) provides that if the plaintiff timely elects final treatment, the failure of the defendant to appeal constitutes a waiver.  The appeal period under Pa.R.A.P. 903 ordinarily runs from the entry of the order, and not from the date of filing of the election, which procedure will ordinarily afford at least 20 days within which to appeal.  *See* Pa.R.A.P. 903(c) as to treatment of special appeal times.  If the plaintiff does not file an election to treat the order as final, the case will proceed to trial unless (1) the trial court makes a finding under subdivision (b)(2) of the existence of a substantial question of jurisdiction and the defendant elects to appeal, (2) an interlocutory appeal is permitted under Pa.R.A.P. 312, or (3) another basis for appeal appears, for example, under subdivision (a)(1), and an appeal is taken.  Presumably, a plaintiff would file such an election where plaintiff desires to force the defendant to decide promptly whether the objection to venue or jurisdiction will be seriously pressed.  Subdivision (b) does not cover orders that do not sustain jurisdiction because they are, of course, final orders appealable under Pa.R.A.P. 341.

Subdivision (c) is based in part on the act of March 5, 1925 (P. L. 23, No. 15).  The term "civil action or proceeding" is broader than the term "proceeding at law or in equity" under the prior practice and is intended to include orders entered by the orphans' court division.  *Cf. In the Matter of Phillips*, 370 A.2d 307, 308 (Pa. 1977).  Subdivision (c)

covers orders that do not sustain venue, such as orders under Pa.R.C.P. 1006(d) and (e).

However, the subdivision does not relate to a transfer under 42 Pa.C.S. § 933(c)(1), 42 Pa.C.S. § 5103, or any other similar provision of law, because such a transfer is not to a "court of coordinate jurisdiction" within the meaning of this rule; it is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction. Such orders may be appealed by permission under Pa.R.A.P. 312, or an appeal as of right may be taken from an order dismissing the matter for lack of jurisdiction. *See Balshy v. Rank*, 490 A.2d 415, 416 (Pa. 1985).

Other orders relating to subject matter jurisdiction (which for this purpose does not include questions as to the form of action, such as between law and equity, or divisional assignment, *see* 42 Pa.C.S. § 952) will be appealable under Pa.R.A.P. 341 if jurisdiction is not sustained, and otherwise will be subject to Pa.R.A.P. 312.

Pursuant to subdivision (d), the Commonwealth has a right to take an appeal from an interlocutory order provided that the Commonwealth certifies in the notice of appeal that the order terminates or substantially handicaps the prosecution. *See* Pa.R.A.P. 904(e). This rule supersedes *Commonwealth v. Dugger*, 486 A.2d 382, 386 (Pa. 1985). *Commonwealth v. Dixon*, 907 A.2d 468, 471 n.8 (Pa. 2006).

Pursuant to subdivision (f), there is an immediate appeal as of right from an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion. Examples of such orders include: a remand by a court of common pleas to the Department of Transportation for removal of points from a driver's license; and an order of the Workers' Compensation Appeal Board reinstating compensation benefits and remanding to a referee for computation of benefits.

Subdivision (f) further permits immediate appeal from an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed. *See Lewis v. Sch. Dist. of Philadelphia*, 690 A.2d 814, 816 (Pa. Cmwlth. 1997).

Subdivision (g)(1)(iii) addresses waiver in the context of appeals from various classes of arbitration orders. All six types of arbitration orders identified in 42 Pa.C.S. § 7320(a) are immediately appealable as of right. Differing principles govern these orders, some of which are interlocutory and some of which are final. The differences affect whether an order is appealable under this rule or Pa.R.A.P. 341(b) and whether an immediate appeal is necessary to avoid waiver of objections to the order.

10

- Section 7320(a)(1)—An interlocutory order refusing to compel arbitration under 42 Pa.C.S. § 7320(a)(1) is immediately appealable pursuant to Pa.R.A.P. 311(a)(8). Failure to appeal the interlocutory order immediately waives all objections to it. *See* Pa.R.A.P. 311(g)(1)(iv). This supersedes the holding in *Cooke v. Equitable Life Assurance Soc'y*, 723 A.2d 723, 726 (Pa. Super. 1999). Pa.R.A.P. 311(a)(8) and former Pa.R.A.P. 311(g)(1)(i) require a finding of waiver based on failure to appeal the denial order when entered).

- Section 7320(a)(2)—Failure to appeal an interlocutory order granting an application to stay arbitration under 42 Pa.C.S. § 7304(b) does not waive the right to contest the stay; an aggrieved party may appeal such an order immediately under Pa.R.A.P. 311(a)(8) or challenge the order on appeal from the final judgment.

- Section 7320(a)(3)-(a)(6)—If an order is appealable under 42 Pa.C.S. § 7320(a)(3), (4), (5), or (6) because it is final, that is, the order disposes of all claims and of all parties, *see* Pa.R.A.P. 341(b), failure to appeal immediately waives all issues. If the order does not dispose of all claims or of all parties, then the order is interlocutory. An aggrieved party may appeal such an order immediately under Pa.R.A.P. 311(a)(8) or challenge the order on appeal from the final judgment.

Subdivision (h)—*See* note to Pa.R.A.P. 1701(a).

**Rule 312. Interlocutory Appeals by Permission.**

An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission).

**Comment:   This rule does not apply to an order granting or denying an application filed with the trial court under Pa.R.A.P. 1732(a) (stays or injunctions pending appeal).  Any further relief may be sought directly from the appellate court under Pa.R.A.P. 1732(b).  *See In re Passarelli Trust*, 231 A.3d 969 (Pa. Super. 2020).**