J-A22045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE A. GALL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER D. GALL | : | |
| | : | |
| Appellant | : | No. 22 WDA 2022 |

Appeal from the Order Entered December 6, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  Case No. GD-18-7148

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                **FILED: MARCH 27, 2023**

Peter D. Gall appeals from the order that required him to, *inter alia*, apply for a *supersedeas* bond in the amount of $142,256.78. On appeal, Mr. Gall singularly contends that the court erred by ordering him to apply for this bond. We quash.

As cogently summarized by the lower court:

> On August 12, 2021[, the court] entered a verdict in favor of … Christine Gall and against … Peter Gall in the amount of $118,547.32. Mr. Gall filed a notice of appeal to the Superior Court … on September 10, 2021 that was docketed at number 1092 WDA 2021. On October 14, 2021[, the court] ordered Mr. Gall to post a bond in the amount of $142,256.78 for a *supersedeas* of the verdict pending the appeal. On October 15, 2021[, the court] filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) [at that separate docket].
>
> When Mr. Gall did not post a bond, Ms. Gall served a motion

_____

* Retired Senior Judge assigned to the Superior Court.

to quash appeal for failure to post bond. Mr. Gall filed an answer to the motion and counsel for both parties participated in oral argument. On December 3, 2021[, the court] ordered Mr. Gall to apply for a *supersedeas* bond, provide Ms. Gall with a proposal for using his residence and airplanes to secure the $142,256.78 obligation and [participate in] additional argument on January 4, 2022. [Notice of entry of the order was given to the parties on December 6, 2022.] On January 3, 2022 Mr. Gall appealed from [the court's] December 3, 2021 order to [this] Court … and filed an application for stay pending appeal.

Following argument by counsel on January 4, 2022, [the court] entered an order denying Ms. Gall's motion to quash appeal, denying Mr. Gall's request for modification of the terms of *supersedeas* and denying Mr. Gall's application for stay pending appeal.

Trial Court Opinion, 3/2/22, at 1-2 (internal footnote omitted).

On appeal, Mr. Gall asserts that the court committed an error of law in ordering him to apply for a *supersedeas* bond. **See** Appellant's Brief, at 5.

Prior to delving into the substance of his assertion, the posture of this case[1] requires *sua sponte* consideration of our jurisdiction over the trial court's

---

[1] Using the lower court's opinion as a guidepost, we succinctly highlight the relevant procedural history: (1) Ms. Gall motioned the lower court, requesting that Mr. Gall post a *supersedeas* bond related to his appeal from a nonjury verdict docketed before this Court at 1092 WDA 2021; (2) the court granted Ms. Gall's motion in October 2021, which required Mr. Gall to post a bond of $142,256.78; (3) when Mr. Gall did not post a bond, Ms. Gall motioned to quash Mr. Gall's appeal; (4) in response, Mr. Gall, *inter alia*, filed a "Counter-Motion to Modify Bond"; (5) in December 2021, the court again ordered Mr. Gall to apply for a bond and scheduled additional argument on both quashal and bond-related issues; (6) in January 2021, Mr. Gall filed a document titled "Answer/Application for Stay Pending Appeal" and simultaneously appealed from the December 2021 order; and (7) finally, subsequent to Mr. Gall's notice of appeal, the court entered yet another order denying Ms. Gall's motion to quash, denying Mr. Gall's *supersedeas* modification request, and denying Mr. Gall's application for stay pending appeal.

order. **See Roman v. McGuire Mem'l**, 127 A.3d 26, 31 (Pa. Super. 2015), *appeal denied*, 134 A.3d 57 (Pa. 2016) (noting that this Court can raise subject matter jurisdiction *sua sponte*).

We agree with Mr. Gall's general statement that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken …, the trial court … may no longer proceed further in the matter." Pa.R.A.P. 1701(a). However, despite this broad Rule, contained within that same section, there are enumerated exceptions, with one specifically establishing that "[a]fter an appeal is taken …, the trial court … may: grant *supersedeas*[.]" **Id**., at 1701(b)(1).

In the present matter, the court, following Ms. Gall's motion, initially required Mr. Gall to post a *supersedeas* bond in the amount of 120% of the August 12, 2021 non-jury verdict in Ms. Gall's favor. **See** Pa.R.A.P. 1731(a). Resultantly, Mr. Gall was required to post a $142,256.78 bond pending his appeal at 1092 WDA 2021. Instead of complying with this order, Mr. Gall motioned the court to modify the bond amount in accordance with Pennsylvania Rule of Appellate Procedure 1737. **See** Answer to Quash Appeal/Counter-Motion to Modify Bond, ¶ 11 (citing Pa.R.A.P. 1737); **see also** Pa.R.A.P. 1737(a)(4) (allowing a trial or appellate court, at any time, upon application, notice, and opportunity for hearing to "increase, decrease, eliminate, or otherwise alter the amount or type of security that … is to be filed by a party").

The official note to Rule 1737 provides that the procedure for appellate

review of an order resolving an application under this rule must comply with the procedure outlined in Pennsylvania Rule of Appellate Procedure 1732. **See** Pa.R.A.P. 1737, Note; 20A West's Pa. Practice § 1737:7. Under Rule 1732, if an application for modification of supersedeas "is denied by the trial court, the appellant may not appeal the denial for the obvious reason that the denial order is interlocutory. Rather, the appellant must renew the application, that is, file a new application, with the appellate court." 20A West's Pa. Practice § 1732:4 (footnote omitted); **see also In re Passarelli Family Trust**, 231 A.3d 969, 974 (Pa. Super. 2020) (citing 20A West's Pa. Practice § 1732:4 and holding that Rule 1732 requires that, after an application is denied in the trial court, the proper procedure is for the appellant to then file an application in the appellate court); Pa.R.A.P. 1732(b) (stating that "approval of or modification of the terms of any *supersedeas* … may be made to the appellate court or to a judge thereof, but the application shall show that application to the trial court for the relief sought is not practicable, or that the trial court has denied an application, or has failed to afford the relief which the appellant requested, with the reasons given by the trial court for its action[]"); Pa.R.A.P. 3315, Note (stating that, after application under Chapter 17 of the Rules of Appellate Procedure is denied in the trial court, "and a further application has been acted on by the Superior Court or the Commonwealth Court," a further application may be filed in our Supreme Court).

Given the plain language of Rule 1732, emphasizing that *supersedeas*

modification is ordinarily sought in the first instance before the trial court, Mr. Gall was well within his rights to obtain initial review of the bond amount that had been set. However, when the court, in its December order, denied any amendment to that $142,256.78 figure, Mr. Gall "should have filed an application with this Court instead of filing a notice of appeal." **Passarelli**, 231 A.3d at 974.

As Mr. Gall proceeded in the wrong manner to obtain review of the lower court's decision to deny him *supersedeas* modification relief, we quash this appeal. **See id.** (quashing appeal from trial court order denying appellant's petition for injunctive relief brought under Rule 1732 based on appellant's filing of an appeal in this Court rather than renewing her application that had been denied below).[2]

Appeal quashed.

---

[2] Notwithstanding the appealability issue under Rule 1732, we additionally note that Mr. Gall has not demonstrated that he has appealed from either a final order or one that is interlocutory, yet appealable. **See** Pa.R.A.P. 341; **Forrester v. Hanson**, 901 A.2d 548, 554 (Pa. Super. 2006) ("This Court does not have jurisdiction to entertain an appeal from a non-appealable, interlocutory order."). As best can be discerned, Mr. Gall has appealed from what is essentially an interim order, coming after the court ordered, for the first time, a *supersedeas* bond in October 2021, but before the court's January 2022 tripartite order denying, principally, Mr. Gall's request for *supersedeas* modification. Consequently, it is likely that this Court does not have the requisite jurisdiction to adjudicate Mr. Gall's *supersedeas* claim and quashal of his appeal, for this reason, would also be appropriate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/27/2023